Parsons, C. J.
The plaintiff contends that the facts in this case either prove a demand, or render a demand unnecessary, as the assignee must be considered as representing the defendant, and acting as his agent. The defendant has urged that this debt was not provable under the commission, and, therefore, that the assignee cannot be considered as the defendant’s agent or representative ; and if the debt could be proved under the commission, yet the submitting of the claim to the commissioners, and an allowance of it by them, will not dispense with a demand on the bankrupt, so as to authorize a suit at law against him.
*255 By the English statutes of bankruptcy, it seems to be settled that no debt can be proved, the amount of which must be ascertained by a jury ; for those statutes provide for no jury to decide between a creditor and the assignees.
The consequence of this principle, arising from the provisions of those bankrupt laws, frequently produced hardships to those creditors whose demands required the intervention of a jury to ascertain the amount. (2)
* To guard against this inconvenience, our national [*312] statute of bankruptcy [<§> 58] expressly introduced a jury, to decide in all cases between a creditor and the assignee, if either party required it.
The debt arising from the note in the case at bar is, therefore, in our opinion, one which might be claimed from the estate of the defendant, and consequently might be received and allowed by the commissioners, or by a jury, if either the plaintiff or the assignee requested it. The debt being, therefore, within our act, we are satisfied that the claim being submitted to the commissioners, and which might have been resisted by the assignee, who might have required the verdict of a jury to establish it, is equivalent to a demand on the defendant. A demand on him would have been fruitless, as all his property was out of his control, and vested in the assignee, who held the estate in trust, as well for him as his creditors, to pay his debts. The assignee, having the fund, was the proper person on whom the demand ought to be made, and the submitting of the claim to the commissioners was the making of the demand on the assignee.
Agreeably to this relation between the bankrupt and his assignees, it was determined, in the case of Jackson vs. Fairbank, (3) that when there were two joint promisors of a note, one of which having become bankrupt, and a dividend on the note paid under the commission, this payment took the case out of the statute of limitations, the acknowledgment of the debt by the assignees being considered as an acknowledgment by the bankrupt, one of the promisors.
On these principles the verdict appears to us to be right, and the plaintiff is entitled to judgment upon it.

 4 D. & E. 570.

 2 H. Black. 340.