SARGENT L. STODDARD & another *vs.* JOSEPH C. DOANE.

The time during which proceedings in insolvency are pending against the debtor is not to be excluded in computing the period of limitation in an action against him.

The insertion of a debt in the schedule of creditors, filed by the debtor under proceedings in insolvency, is not such an acknowledgment as will take the debt out of the statute of limitations.

The payment of a dividend by an assignee under the insolvent laws will not take the residue of the debt out of the statute of limitations as against the debtor.

SHAW, C. J. The parties have agreed on a statement of facts, by which it appears that the action is brought to recover a balance of account for work done and materials furnished in 1846. Defence, the statute of limitations.

It appears that in January 1847, the defendant went into insolvency; that he placed the names of the plaintiffs on his list of creditors, filed and sworn to on the 30th of said January;

that they proved their debt; and that a dividend was declared thereon in July, and was paid in August 1847. This suit was brought on the 2d of April 1853.

The court are of opinion, that the defence on the ground of the statute of limitations is well maintained. The insolvency of the defendant, he having never obtained his discharge, was no bar; nor did the pendency of the insolvent proceedings prevent the plaintiff from bringing his action, taking the chance of the defendant's obtaining his discharge under them. *Collester* v. *Hailey,* 6 Gray, 519.

The fact that the defendant, in his schedule, acknowledged the debt, has no effect; the plaintiffs were then creditors, and their action was not barred, and it was the duty of the defendant to state their claim as creditors. Besides, this act was done more than six years before the action brought.

But the main point relied upon, is the payment of a dividend by the assignee, within six years; and the plaintiffs contend that such payment, as an item of account, draws the whole account with it, and so he avers that the debt accrued within six years. But we think this ground is not tenable.

To take the case out of the operation of the statute, requires a new promise, which by statute must be in writing; leaving a payment, however, to have its effect as before. Rev. Sts. *c.* 120, §§ 17, 20. The ground of this exception and of the ancient rule of law is, that the voluntary payment of part of a debt, by the debtor, is a strong, if not conclusive, admission that the debt is still due, and from this the law infers a new promise to pay it. *Hunt* v. *Bridgham,* 2 Pick. 581. *Illsley* v. *Jewett,* 2 Met. 168.

To have this effect, it is manifest that the payment must be made by the debtor, or by his order, or by an agent fully authorized for the purpose. It is the act of his mind, from which the implied promise to pay the residue of the debt arises. We are of opinion that a payment by an assignee in insolvency is not a payment by the insolvent or his order, within the meaning of the rule. The assignee is bound by law to pay the dividend which has been declared; he is the debtor to that amount. The original debtor cannot prevent or delay such pay-

ment, if he would. It is not a personal or voluntary act of the insolvent. *Porter* v. *Blood,* 5 Pick. 54.

Perhaps the case of *Chandler* v. *Windship,* 6 Mass. 310, may seem to afford color to the position, that the assignee is, to some extent, the agent of the insolvent, and so the payment is made by the defendant's agent. But the case on the authority of which mainly that case was decided, *Jackson* v. *Fairbank,* 2 H. Bl. 340, was much shaken, if not overruled, by that of *Brandram* v. *Wharton,* 1 B. & Ald. 463, and the authority of both, for this commonwealth, was held not binding, in the case of *Porter* v. *Blood,* 5 Pick. 57.          *Judgment for the defendant.*

*F. A. Kingsbury,* for the plaintiffs.

*A. Churchill,* for the defendant.