# COUNTY OF WALDO.

ELIAB STEVENS & *al. versus* JAMES H. ADAMS.

A note payable in cash or specific articles on demand is the evidence of a promise in the alternative; and a demand of payment, before suit is brought, is necessary, that the maker may elect the mode of payment.

But if the defendant, in his specifications of defence, does not refer to a want of demand as a ground relied upon in defence, a demand will be regarded as admitted for the purpose of the trial.

REPORT by HATHAWAY, J.

The action was ASSUMPSIT, on a promissory note given by defendant to plaintiffs, for $71, payable " in cash or peddlers' truck at cash prices, on demand."

The defendant's specifications of the grounds of his defence are, substantially, (1,) that his account in set-off is of greater amount than plaintiff's demand against him; (2,) that the note was without consideration, and is void; (3,) that defendant does not owe the plaintiffs, and that they are indebted to defendant; (4,) defendant never promised in manner and form as plaintiffs have declared, &c.

The general issue was pleaded and joined. The case was, by consent, withdrawn from the jury, and submitted to the full Court on report, to be disposed of according to the legal rights of the parties.

*Nickerson*, for the plaintiffs.

*Wilcox*, for the defendant.

The opinion of the Court was drawn up by

CUTTING, J.— The note declared on, being made payable in cash or specific articles on demand, is the evidence of a promise in the alternative; and the alternative belongs to the promisor. 2 Parsons on Con. 163. And, before an action thereon could be maintained, it was necessary for the payee to have demanded payment of the maker, who then could have elected in which mode he would discharge his contract. *Lobdell* v. *Hopkins*, 5 Cow. 518; *Vance* v. *Bloomer*, 20 Wend. 192; *Chandler* v. *Winship*, 6 Mass. 310. There being no evidence of a demand, this action would have been prematurely commenced, unless the specifications filed in defence have operated as a waiver of such proof. The 1st, 2d and 3d specifications refer to no such grounds of defence, and the 4th is in substance the general issue and no specification.

Such being the state of the pleadings, both the genuineness of the defendant's signature and the demand on him were not put in issue, and the plaintiff had no occasion to produce evidence upon those points, and they must be "regarded as admitted for the purpose of the trial." *Day* v. *Frye*, 41 Maine, 326. The demand being then admitted, and there being no defence set up of payment in either money or the specific articles by the defendant, and sustained by evidence, the action is maintainable.          *Defendant defaulted.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and GOODENOW, J. J., concurred.