## PINE RIVER BANK v. ALLEN SWAZEY.

Where the principal signer on a promissory note goes into insolvency, a dividend from his estate, endorsed by his creditor on his note, will not be evidence of a new promise on the part of the signer.

Under an insolvent or bankrupt act, a discharge of a party, whether he be the *sole* or the *joint* maker, or the *endorser* of a note, will not operate to discharge any other *party* on the note from his liability thereon, but will only operate as a discharge of the insolvent personally.

If the delay or giving time to collect the dividend on the notes in suit, is at the request of the endorser, or by his consent, the latter is bound to his original liability, for he waives all objection, and becomes party to the agreement.

ASSUMPSIT on two notes. Plea, the general issue and statute of limitations. By agreement of the parties the case was tried by the court, who found the facts to be as follows:

The notes were given by one Whitton to defendant, and by defendant endorsed to plaintiff. More than six years had elapsed between the time when the notes became due and were transferred to plaintiff and the commencement of this suit; said Whitton having failed and assigned his property for the benefit of his creditors.

By the direction and for the benefit of defendant, and within six years after the dates of the notes, the plaintiff presented the notes as claims against said Whitton, for the purpose of receiving a dividend from Whitton's assignees, to be paid and endorsed on these notes, and within six years before the commencement of this action, such dividends were received by the plaintiff and endorsed on the notes, according to the previous understanding between the parties.

The court found the conclusion of law to be, that the defendant did promise, &c., and assessed damages at the amount due on the notes, to be calculated by the clerk. To which finding defendant excepted.

Ordered, that the questions arising in this case be reserved.

*L. D. Sawyer*, for plaintiff, referred the court to *Whipple* v. *Stevens*, 22 N. H. 219; *Tappan* v. *Kimball*, 30 N. H. 136; *Story* v. *McConnell*, 5 Vt. 338; *Joslyn* v. *Smith*, 13 Vt. 353; *Haven* v. *Hathaway*, 7 Shepley 345; *Trustees of Fryeburgh, &c.*, v. *Osgood*, 8 Shep. 176; *Hunt* v. *Brigham*, 2 Pick. 581; 14 Pick. 387; *Ilsley* v. *Jewett*, 2 Met. 168; *Jones* v. *Jones*, 21 N. H. 219.

*Batchelder*, for defendant, cited *Manning* v. *Wheeler*, 13 N. H. 486; *Ventris* v. *Shaw*, 14 N. H. 422.

NESMITH, J. This was assumpsit. The plaintiffs bring this action to recover the balance of two promissory notes originally made and signed by one Whitton as principal. The plaintiffs stand in the relation of endorsees, the defendant as endorser of said notes. The plea is the general issue, with the statute of limitations. Whitton, the maker of said notes, having failed in business, and assigned his property to his creditors, the defendant, as endorser of the notes in suit, procured, or

directed the plaintiffs to present said notes, as claims against the said insolvent's estate, for the purpose of receiving a dividend therefrom.

Agreeably to the request of the defendant, the notes were presented to the assignees of Whitton's estate, and a dividend was received by the plaintiffs, and the amount was endorsed on said notes within six years prior to the commencement of this suit, and the defendant is now called upon to pay the balance. We assume that there had been a legal demand of payment upon the maker of the note, and a due notice to the endorser, or that there was a waiver on the part of the endorser to insist upon demand and notice, and that the *liability* of the endorser was legally fixed, and that the endorser well knew his true position. It is a familiar and well settled rule of law, that a voluntary payment of *part* of a *debt* by the *debtor* is a strong, if not conclusive admission that the debt is still due, and from which the law will infer a *new promise* to pay the residue. *Jones* v. *Jones*, 21 N. H. 219; *Whipple* v. *Stevens*, 22 N. H. 219.

But to have the effect of reviving the debt, it is manifest, the payments must be made by the debtor, or by his order, assent, or procurement. We presume, also, that the bank held these notes at the outset, in such a manner, that they could treat both the principal signer, and endorser as their debtors, and that they had legal power to call upon the endorser for payment of the notes. When the holders of these notes found the principal signer going into insolvency, where it might be reasonably presumed that only a dividend could be realized from his estate, it then would be competent for the remaining parties interested therein, to make such contracts in relation to them as sound policy might dictate, as the insolvent could not be prejudiced by such action.

If plaintiffs in this case had elected to pursue their remedy against the maker of these notes without application to the endorser, or interference from him, and had filed their notes against Whitton's estate, and had waited for the settlement of it so long as to allow the statute of limitations to intervene, the defendant in the mean time remaining passive, the law would not, under such circumstances, come to plaintiffs' assistance. For the payment of the assignees upon the estate of Whitton, would not operate as a bar to the statute of limitations; at least the weight of modern authorities leans strongly in this direction, *vide* Chief Justice Shaw's opinion in *Stoddard* v. *Doane*, 7 Gray 388; Justice Bigelow's opinion in *Roscoe* v. *Hale*, 7 Gray 274; a case of involuntary bankruptcy in 13 Gray 381; also, *Hidden* v. *Cozzens*, 2 R. I. 401; 6 Johnson's Chanc. 292, *Rosevelt* v. *Mack*; in England, *Davis* v. *Edwards*, 7 Exchequer Rep. 22; 1 Exchequer Rep. 118; *Waugh* v. *Cope*, 6 Meeson & Welsby 824.

On the other hand, we have the decision, in the Supreme Court of New York, viz: *Barger* v. *Darwin*, 22 Barbour, to sustain the contrary doctrine. There the law is stated that where the makers of a promissory note assigned their property for the benefit of creditors, and directed the assignees to pay the note in suit among others, and the assignees, pursuant to such direction, made a payment thereon to the holder, *held,* that this payment should be treated as the act of the *makers themselves*

by their authorized agent, and evidence of a *new* promise by them to pay the note. A similar doctrine was held by Chief Justice Parsons, in *Chandler* v. *Winship*, 6 Mass. 310 ; in England, *Jackson* v. *Fairbanks & al.*, 2 Hen. Blackstone 340 ; *Whitcomb* v. *Whiting*, Douglass 651. This is a leading case reviewed by Smith. 1 Smith's Leading Cases 613.

Without stopping to reconcile authorities on this point, we recur to the facts of the case, as sanctioned by the doctrine of Justice Story, (*vide* Story on Prom. Notes, sec. 428, page 532, and also, Chitty on Bills, chap. 9, 454–456) that the discharge of a party, whether he be the sole, or a joint maker, or endorser of a note, under an insolvent or bankrupt act, will not operate to discharge any other party on the note from his liability thereon, but will operate as a bar or discharge of the insolvent or bankrupt personally. The reason is, that it is an act of the law, and not of the holder, and operates upon him *in invitum*. And the holder proving his debts, or receiving a dividend under such insolvent, or bankrupt act, will operate only to discharge the other parties *pro tanto*, leaving, in all other respects, their liability in full vigor and efficacy.

In the case before us, as the facts now stand, the contract was at the request of the endorser, and for his presumed benefit. The delay asked for was granted by plaintiffs to enable the endorser to realize something valuable from the maker, and to render his ultimate loss less than it otherwise might be. The general rule of law is, if the delay or giving time is with the *consent* of the endorser, the latter is bound by his original liability, for then he waives the objection, and becomes party to the agreement. Bailey on Bills, chap. 9, 338–41 ; *Stevens* v. *Lynch*, 12 East. 38 ; *Gloucester Bank* v. *Worcester*, 10 Pick. 328 ; Chitty on Bills, chap. 9, 448, 449, 8th ed. ; Story on Prom. Notes, sec. 419, and authorities in note.

The principle, which lies at the foundation of the contract between the parties, is analagous to the practice adopted sometimes in England, where the surety is said to compel the creditor to sue, or prove his debt, under a commission of bankruptcy against the principal ; the surety is there considered as electing to stand in the situation of the creditor with respect to the remedy against the principal, and in order to do so must bring the debt into court. *Bradmore* v. *Crattenden*, Cook's Bank Laws 211 ; *Wright* v. *Simpson*, 6 Vesey 734.

Hence Judge Story remarks, in note, sec. 427, on Prom. Notes, it may follow that if a creditor, at the request of the surety, and for his relief, agrees to accept a composition from the principal, the surety would be considered as electing to stand in the situation of the creditor, and that he could not recover over against the principal upon being compelled to pay the residue of the debt.

In any view we can take of the facts stated in the case, we think it was competent for the court trying this case, to find the defendant liable to pay the balance of the notes found due, because the acts and declarations of the defendant have been such as might reasonably influence the conduct of plaintiffs, and from which the defendant has obtained an ad-

vantage, and the plaintiffs an injury, and the defendant should now be estopped by his conduct and admissions, and be bound by the effect of them. When defendant made the request upon plaintiffs, that they should file the notes against the estate of Whitton, it would seem to be an obvious conclusion, that granting this request must necessarily imply a delay to collect of the endorser, and this would be an indulgence and favor to him. The power to exact the whole amount of the endorser was then with the plaintiffs, and it was then their right to collect immediately the whole amount of the endorser, and to throw upon him the labor of obtaining his indemnity of Whitton. The forbearance on the part of plaintiff to sue or collect the notes of the defendant,. was to be deemed at his express assent. The consequent delay, necessarily produced, or incident to the collection of the dividends from Whitton's estate, being for the defendant's advantage, should not afterwards be permitted to work injury to the plaintiffs, by allowing the defendant to set up the statute of limitations, as a bar to their recovery on these notes. The filing of the notes with the assignees, the reception of the dividends, more especially the endorsement of the same on the notes in part, are to be considered as *acts* done at the request of the defendant, and for his benefit, and he cannot now be permitted to aver against the acts or contract, which are rightly to be estimated his own, nor can he be allowed to set up the statute of limitations, for it would be, in the light we take of this case, a direct fraud upon the plaintiffs to permit it to be done.

Exception has been suggested that the court went too far in finding the liability of defendant, as a conclusion of law. It is true a partial payment on a note is generally construed as an *available* fact, from which an admission of the existence of the entire debt, and a present liability may be inferred. As a fact by itself, a payment only proves the existence of the debt to the amount paid, but from that *fact*, says Parsons, courts and juries have inferred a promise to pay the residue. 2 Parsons' Notes, 362. The court first found the request for delay was made by the defendant, and for his benefit, and that plaintiffs, as defendant's agents, did present the notes in suit against the estate of Whitton, and that said dividend was received, and endorsed on said notes, within six years before the commencement of this suit; then the court had the right, as a conclusion of law, to find that defendant did promise to pay the balance due.

*Judgment on verdict.*