# Ragland *v.* Wood.

*Action on Contract for Delivery of Lumber.*

71 145
133 542

71 145
134 579

1. *Plaintiff suing as assignee of written contract for delivery of personal property must have and aver a written transfer.*—In order to authorize an assignee of a written contract for the delivery of personal property to sue thereon in his own name, he must have a written transfer of the contract; and a complaint by such plaintiff which fails to show a written transfer is defective on demurrer.

2. *Same; when complaint fails to show a written transfer.*—An averment in such complaint that the contract was "duly transferred" to the plaintiff is insufficient, as the transfer may have been by delivery merely, and not in writing.

3. *Same; what averment sufficient.*—But an averment in the complaint that the contract was "duly assigned," is sufficient, as this must be construed to mean a transfer in writing.

4. *Contract for delivery of personal property; place of delivery.*—Under a contract for the delivery of specific articles of personal property, which specifies no place of delivery, the general rule is, especially where such articles are cumbersome, that they are to be delivered at the place where they are situated, or are to be manufactured. In such case the vendor is not bound to send or carry the goods to the vendee, but is only required to deliver them on demand.

10

[Ragland v. Wood.]

5. *Same; when payable in money.*—Such a contract does not become payable in money, or the foundation of a suit for damages for a breach thereof, until there has been a demand by the purchaser or his assignee, and a refusal on the part of the vendor to deliver. (*Overruling Cobb v. Reed, 2 Stew. 444, on this point.*)

6. *Same; construction of.*—A contract by the owner of a saw mill for the delivery of a stated amount of lumber to a purchaser, one-half during the year 1877 and the other half during the year 1878, without designating the place of delivery, must be construed as an agreement on the vendor's part to deliver the lumber at his mill, one-half during each of said years, on the purchaser's demand; and until such demand is made, in the absence of facts dispensing with the necessity therefor, there is no default or breach of the contract.

7. *Same; from what date bears interest.*—Debts or obligations payable on demand do not bear interest until a demand is made, or suit is instituted; and hence, interest would run on such a contract only from a breach thereof.

APPEAL from Talladega Circuit Court.

Tried before Hon. LEROY F. BOX.

This action was brought by Arthur T. Wood against George L. Ragland, to recover damages for the breach of a contract, made by the defendant with one Henry W. Truss, which is in the words and figures following: "During the years 1877 and 1878, I promise to pay Henry W. Truss, a member of the firm of Truss, Wood & Co., forty-four thousand three hundred and ninety feet of merchantable, square-edged lumber, to be delivered, one-half during the year, 1877, and one-half during the year, 1878, as a part payment for the purchase of the said Truss' fourth interest in the saw mill this day conveyed by Truss, Wood & Co. to me.

                                          G. L. RAGLAND."

February 5th, 1877."

The complaint contains two counts. The first count sets out the contract *in hæc verba*, and avers that it "had been duly transferred by the obligee thereof to plaintiff." The second count sets out the substance of the contract and avers that it "has been duly assigned to plaintiff." The suit was commenced on 16th February, 1880. The defendants demurred to both counts on the ground, among others, that it is not averred that the contract was assigned to the plaintiff in writing. The court overruled the demurrer to each count, and thereupon the defendant pleaded (1) non assumpsit, and (2) a special plea setting up, in substance, a modification of the original contract by agreement between the defendant and the plaintiff's assignee, to which a demurrer was interposed and sustained; but the averments of which need not be stated, as the question raised by the demurrer is not passed on by this court. The defendants also pleaded in short (3) payment, and (4) "set-off." As stated in the bill of exceptions, "issue was joined on the several pleas of defendant."

[Ragland v. Wood.]

On the trial, the plaintiff, against the defendant's objection, read in evidence the contract sued on, and a written endorsement thereon in these words: "For value received I hereby transfer the within note to A. T. Wood. Dec. 8th, 1879. Henry W. Truss." To the rulings of the court allowing the contract and endorsement to be read to the jury the defendant excepted.

The only other evidence introduced on the trial was the testimony of the plaintiff, which was as follows: "I bought the contract sued on from Henry W. Truss, and a few days before this suit was begun I called on the defendant at his house and informed him that I was the owner and holder of it, and that I wanted the lumber that was due on it from him. He replied that he could not then deliver the lumber, but would do so as soon as he could. I bought the contract on the day the endorsement is dated, and lumber was then worth one dollar per hundred feet at Ragland's Mill." On cross-examination the witness testified: "I did not demand of the defendant any particular amount of lumber. I told him that I wanted whatever amount of lumber that was due on the contract. I did not then know, and do not now know what amount was due when I made the demand, and I so told the defendant, and he said that he did not know what was due. I told him that if he and Henry W. Truss would get together and agree as to credits said contract was entitled to, I would allow them, and that Truss had told me that some sixty or sixty-five dollars had been paid on the contract, but had not been credited on it."

After the general charge, which is not set out in the bill of exceptions, the defendant asked the court in writing to give three charges to the jury. The court refused each of these charges and the defendant duly excepted. The refusal of the court to give the first and second charges is not assigned as error. The third charge is in these words: 3. "In this case no interest can be allowed except from the time Wood made the demand of the defendant; for until then there is no default shown by the evidence, his demand being the only one proven." The trial resulted in a verdict and a judgment for the plaintiff, and the defendant appealed.

The errors here assigned are the rulings of the court on the defendant's demurrer to the complaint, and on the plaintiff's demurrer to the second plea, and on the introduction in evidence of the contract and the endorsement thereon, and the refusal of the court to give the third charge requested by the defendant.

PARSONS & PARSONS, for appellant.—(1) The plaintiff claims as transferee of a written contract for the delivery of lumber.

[Ragland v. Wood.]

The provisions of section 2890 of the Code of 1876 do not, therefore, apply; but the complaint should show that the plaintiff has the legal title. The averments of both counts of the complaint are insufficient to show this, and the court erred in overruling the defendant's demurrers thereto.—*Phillips v. Sellers*, 42 Ala. 658; *Skinner v. Bedell's Adm'r*, 32 Ala. 44; *Henley v. Bush*, 33 Ala. 636. (2) Under section 2100 of the Code of 1876, it would seem that the maker of such an instrument as the one sued on in this case, may make such defense against it in the hands of an assignee, until notified of the assignment, as he could have made against the original holder, unless, in some way, he is estopped. If this be true, then the court erred in sustaining the demurrer to the second plea. That plea shows that the agreement, as to the delivery of the lumber, had been so changed while Truss held it, that the defendant was relieved from his undertaking to deliver the lumber according to the terms of the original contract; and was to deliver it as called for by Truss. This change entitled Ragland to a reasonable time within which to deliver the lumber, from the time of demand made by an assignee; and the plea shows that he was ready to do this. (3) The court should have given the third charge asked by the defendant. Conceding that the plaintiff was entitled to interest, it would seem that, suing for the breach of an agreement, he could not recover interest prior to the time when the defendant failed on demand to deliver the balance of the lumber due on the agreement. In such a case as this, a delivery of the lumber on demand, or a tender thereof, coupled with a readiness and ability to deliver, would be a full answer to the complaint.

BOWDEN & KNOX, *contra*.—The averments in both counts as to the transfer of the contract to the plaintiff are sufficient. *Andrews v. Carr*, 26 Miss. 577, cited approvingly in *Enloe v. Reike*, 56 Ala. 500; *Crosby v. Raub*, 16 Wis. 616; Byles on Bills, p. 236; *Partridge v. Davis*, 20 Vt. 499; Chitty on Bills, 256, 258; *Auerbach v. Pritchett*, 58 Ala. 451. In *Phillips v. Sellers*, 42 Ala. 658, it was said that the assignee of such a contract, by endorsement, might bring suit in his own name. The complaint in that case did not aver any assignment or transfer of the contract sued on, and, for that reason, was said to be defective; but it was nowhere said that a transfer in writing must be alleged *in totidem verbis*. On the contrary, it is clear from the opinion, that if an assignment or transfer had been averred, the complaint would have been good. But it must be remembered that the averment in this case is, not simply that the instrument sued on was transferred or assigned, but that it was "*duly transferred*," and "*duly assigned*."

[Ragland v. Wood.]

While this may be the averment of a legal conclusion, it is authorized by the Code; and, on a fair construction, it must be held to mean such a transfer as, under the law, would amount to a legal transfer. (2) The second plea is defective and no answer to the complaint. It sets up a parol understanding, which is not shown to have been supported by any consideration; and it shows, not only that defendant for more than two years after he had contracted to deliver the lumber failed to do so, but also that he was in no condition to do so, when demand was made. (3) The court properly refused the third charge asked by the defendant. Its vice consists in the assumption, that a demand was necessary to fix the defendant's liability, whereas all the decisions hold, that, in cases of this kind, no demand is essential, but a readiness to deliver when no demand is made, if it can be shown by defendant, is only matter of defense.—*Thaxton v. Edwards*, 1 Stew. 524; *Graham v. Abercrombie*, 8 Ala. 569. The contract itself fixes the liability. The obligation is to deliver the lumber, one-half during 1877, and the other half during 1878. On 1st January, 1879, therefore, the entire quantity of lumber mentioned in the contract was past due.

SOMERVILLE, J.—The contract here sued on is one for the delivery of property, and not for the payment of money, and a written transfer would be necessary in order to authorize an assignee to bring suit on such an instrument in his own name.—Code, 1876, § 2890. It is equally evident that a complaint would be subject to demurrer, which failed to aver, on the face of it, such written transfer of the legal title to the plaintiff bringing the suit.—*Phillips v. Sellers*, 42 Ala. 658.

The first count alleges that the obligation in question was "duly *transferred*" to the plaintiff. This was clearly insufficient, as it may have been transferred by mere delivery and not in writing. The second count avers that it was "duly *assigned.*" This, we think, must be construed to mean a transfer in writing, as distinguished from one by delivery, this being the true definition of the word when applicable to contracts, as indicated both by usage and etymology.—Bouvier's Law Dict., title, *Assignment; Enloe v. Reike*, 56 Ala. 500; *Andrews v. Carr*, 26 Miss. 577.

The demurrer was properly overruled as to the second count; but should have been sustained as to the first.

The rulings of the court below bear upon the proper construction of the contract sued on, which is an obligation on the part of the appellant Ragland to deliver a certain amount of lumber, of a quality particularly described. The promise is to "pay" the lumber to one Truss, who was the assignor of the

plaintiff, Wood, during the years 1877 and 1878, one-half to be delivered during each of said years. The consideration recited is the purchase by Ragland of Truss' one-fourth interest in a saw mill. An important feature of the contract is, that it fails to designate *any place of delivery*.

The rule governing the place of delivery in cases of this kind is not entirely free from doubt, the authorities being in irreconcilable conflict. Where money is to be paid, it seems well settled that the payor must seek the payee, and make a tender of the amount due him, in the absence of a contrary stipulation. In the case, however, of specific articles, if no place of delivery is specified, the general rule is, especially when such chattels are cumbersome, that they are to be delivered at the place where they are, or are to be manufactured. The vendor, unless otherwise agreed, is not bound to send or carry the goods to the vendee. All that he is required to do, is to deliver *on demand* to the purchaser. Such an obligation does not become payable in money, and the foundation of a suit, until there has been a demand by the purchaser, and a refusal on the part of the vendor to deliver. The case of *Cobb v. Reed*, 2 Stew. 444, holding the contrary, is unsupported by principle or authority, and is overruled. This seems to us the sounder and more sensible rule, and better in harmony with the modern usages of commerce and customs of every day business.—Benjamin on Sales, § 679; 5 Wait's Act. & Def. 570; 2 Kent's Com. 505; *Lobdell v. Hopkins*, 5 Cow. 516; *Minor v. Michie*, Walker's (Miss.) Rep. 24; Bishop on Contr. 699 and cases cited; *Greenwood v. Curtis*, 6 Mass. 358; *Stevens v. Adams*, 45 Me. 611; *Johnson v. Baird*, 3 Blackf. 153.

And, generally, before any action can be maintained by the promisee in such cases, proof must be made that he was ready at the proper time and place to receive the chattels, or that the promissor was unable then and there to deliver them. A demand must be shown, or else proof made that such demand would have been nugatory.—2 Parson's Contr. 163.

The present contract must be construed to be an agreement on Ragland's part to deliver the lumber at his, the vendor's mill, one-half respectively during each of the years 1877 and 1878, *on demand* being made by the vendee. Until such demand by the plaintiff is proved, or facts shown which dispense with the necessity of making it, there is no default or breach of the contract by the defendant. Until there was a breach, there would be no interest accruing on the amount due to the plaintiff. Debts or obligations payable on demand do not bear interest until a demand is made, or suit is instituted.—*Maxcy v. Knight*, 18 Ala. 300; *Vaughan v. Goode*, Minor's Rep. 417.

Under this construction of the contract, the ruling of the

court on the demurrer to defendant's second plea becomes immaterial, and there was manifest error in refusing to give the third charge as requested by the defendant.

Reversed and remanded.