## HAYES, Ex'rx. v. JOHNSON et al.

1. A bill of interpleader lies only where two or more persons claim the same deb or duty from the complainant, by different or separate interests.
2. The bill alledged that the testator of complainant executed two notes to J. C. with J. as surety—that the testator was afterwards garnisheed by O. & B. to answer whether he was not indebted to P. C.; that after his death, a jury, upon an issue made upon complainant's answer, found that the testator was so indebted, and judgment was rendered against her in favor of O. & B. on the garnishment; that J. C. instituted a suit against J. as the surety of the testator, and recovered a judgment against him, which he discharged, and moved against the complainant for a judgment for the amount so paid as surety of the testator— Held that this was not the case of two persons claiming the same debt, and that a bill of intepleader would not lie.

ERROR to the Chancery Court at Columbiana.

This was a bill in Chancery filed by the plaintiff in error against the defendants in error.

The bill charges that the testator of complainant, in his lifetime, was indebted to the defendant, John Cavanaugh, in the sum of seven hundred and sixty dollars for the payment of which he gave two notes, due on the 1st March, 1833, with the defendant, Johnson, as his surety—that on the 9th May, 1832, the testator was summoned as a garnishee, at the instance of the defendant, O'Connel, and one James Brennan, who were partners, and who were prosecuting an attachment against one Patrick Cavanaugh, to answer and say what he was indebted to Patrick Cavanaugh—that her testator died in January, 1833, without answering the garnishment—that on the 24th January, 1834, complainant consented to be made a party to the proceeding as executrix and waived the service of a *sci. fa.* which had been awarded against her, and answered that her testator bought goods of a man by the name of Cavanaugh, and gave him his note therefor, but that she did not recollect the amount—that at the February term of the Court an issue was directed and tried to ascertain the amount due from the testator to Patrick Cavanaugh, and that the jury found the

amount to be nine hundred and seventy-two dollars and fifty cents, for which judgment was rendered against her as executrix, in favor of the plaintiff in attachment, which judgment was afterwards affirmed in the Supreme Court. The proceeding in the County Court on the attachment is made an exhibit to the bill. It is also charged that O'Connell, survivor of Brennan, is urging the collection of the judgment by execution.

The bill further charges, that at the spring term of the Circuit Court of Autauga, defendant, John Cavanaugh brought suit on the notes executed by the testator and Johnson as his surety, against Johnson—that as soon as she was advised of this fact, she lost no time in advising Johnson of the garnishment, and that he must make that a defence, to the suit against him—that he in substance replied that he did not believe the garnishment of any force, and exhibits a letter from him to her to that effect. That Johnson suffered judgment to go without defence, and now, alledging that he has paid the judgment, is proceeding by motion to recover the amount so alledged to be paid by him as the surety of her testator—that she believes that Johnson suffered the judgment to be obtained by John Cavanaugh by colluding with him, and that he has not in fact paid the judgment—that her answer to the garnishment was predicated on the indebtedness of the testator to John Cavanaugh, and that on the trial of the issue, the jury believed the notes were the property of P. Cavanaugh, and so rendered their verdict in favor of O'Connell & Brennan, plaintiffs in the attachment suit against Patrick Cavanaugh—that she is in danger of paying the same debt twice, and is ready and willing to pay to the person entitled to receive it, and offers to bring the money into Court, and prays that the defendants be enjoined, &c. and compelled to interplead.

The injunction was granted according to the prayer of the bill.

Publication was made and the bill taken as confessed as to Patrick Cavanaugh.

John Cavanaugh answered and admitted that he had obtained judgment against Johnson, and that the judgment was satisfied. That Patrick Cavanaugh had no claim or interest whatever to the debt secured by the notes of testator, and that admitting the proceedings on the garnishment to be as stated in the bill,

that he cannot be prejudiced by a judgment to which he was neither a party or privy, and denies all fraud or collusion with Johnson.

Johnson, by his answer, admits that he was sued by John Cavanaugh, on the notes executed by him with the testator, and as his surety, and that judgment was obtained thereon; which he has satisfied—that the notice given to him by the complainant of the pendency of the garnishment, was not received by him until after the judgment was rendered against him. He denies all fraud or collusion with John Cavanaugh, and insists that he acted fairly and *bona fide*.

O'Connell admits the proceeding under the garnishment, which, he says, was instituted at the instance of the testator, who informed him that the goods for which the notes were given were purchased from one Patrick Cavanaugh, and that the notes were given to John Cavanaugh, his brother, for the purpose of defrauding the creditors of Patrick Cavanaugh. He insists that the judgment on the garnishment was fairly obtained and demurrs to the bill.

The Chancellor, on motion of the defendant, dismissed the bill, but without prejudice to the right of the complainant to file a new bill against O'Connell, as she might be advised.

From this decree the complainant prosecutes this writ of error.

EDWARDS, for the plaintiff in error, and J. B. CLARKE, for the defendants in error, submitted the cause without argument.

ORMOND, J.—We agree entirely in the view taken by the late Chancellor Peck, of this case.

It is very clear that the bill cannot be maintained as a bill of interpleader. That only lies where two or more persons claim the same debt or duty from the complainant by different or separate interests. [Cooper's Equity, 45; Story's Eq. Pleading, 237.] The bill alledges that the testator of complainant executed two notes for upwards of seven hundred dollars to one John Cavanaugh, with the defendant, Johnson, as his surety—that a garnishment issued at the instance of the defendant, O'Connell, against her testator, to answer whether he was not

indebted to *Patrick Cavanaugh*—that after the testator's death, the jury, upon an issue, found that he was so indebted, and judgment was rendered against her in favor of O'Connell for the debt.

It also appears that John Cavanaugh commenced suit against Johnson on the notes executed by the deceased, and obtained judgment, which Johnson paid, and, under the statute, moved against the complainant for a judgment for the amount so paid by him, as the surety of her testator. Now it is most certain that this is not the case of two persons claiming the *same debt;* the claim of Johnson is founded on the the payment by him of a debt for which he was bound as the surety of the testator of complainant whilst the claim of O'Connell is founded on a judgment against the complainant by a garnishment against her testator as the debtor of a person with whom the debt paid by the surety, does not appear to have any connection whatever. Whatever, therefore, may be the relief to which the complainant is entitled, it cannot be obtained in this action.

The facts presented on the record are not a little extraordinary, and could only have been produced by the most culpable negligence on the part of the complainant, or by the fraudulent contrivance of others.

It would be premature at this time to enter into an examination of the facts of the case, as the bill must be dismissed without prejudice, but it is proper to remark that no doubt can exist of the right of Johnson to recover the amount of the judgment paid by him as the surety of complainant's testator. The allegation that he suffered the judgment to be obtained collusively is positively denied, and is disproved by the facts of the case, as the judgment against him was obtained previous to the judgment on the garnishment.

It is difficult, however, to resist the conclusion, that there may not have been some unfair practice on the part of O'Connell or his agents, in obtaining the judgment on the garnishment, and we therefore concur with the Chancellor in dismissing the bill without prejudice to any suit the complainant may think proper to institute.