# O'Conner v. Nadel.

*Bill in Equity for Foreclosure of a Mortgage.*

1.  *Mortgage; sufficient evidence of debt without promissory note.*—The execution of a note on a mortgage debt is not essential to the validity of the mortgage given to secure such debt; and the recital of the indebtedness in the mortgage is sufficient evidence of the existence of the debt, either in an action of assumpsit by the mortgagee to recover the debt, or in a suit in equity to foreclose the mortgage.

2.  *Same; when makers of a separate bond given to secure the mortgage debt not necessary parties to the foreclosure suit.*—Where at the time of the execution of a mortgage to secure an indebtedness a bond is given to the mortgagee by other parties to secure the same debt, but it is not signed by the mortgagor, such bond is no part of the mortgage, and those who signed it are not necessary parties to a suit in equity to foreclose the mortgage.

3.  *Same; description of property in bill for foreclosure.*—Where, in a bill filed to foreclose a mortgage, the property is described as the property "known as the town property of said Attalla Iron & Steel Company, at Attalla, Etowah county, Alabama, as indicated by a certain map," &c., the property so described is not referred to as property belonging to the Attalla Iron & Steel Company, and if such description in the bill is borne out by the description of the land in the mortgage, which is attached as an exhibit to the bill, it is sufficient.

4.  *Same; when statute of frauds not applicable.*—When in a mortgage, the debt secured thereby is accurately described as to the amount, and it is recited that it was for a loan made to the mortgagor by the mortgagee, on the day of the date of the mortgage, and there is given the date of the maturity of the debt and rate of interest it was to bear, and the property is fully and accurately described, and the consideration for the mortgage security is expressed therein to be the sum loaned to the mortgagor, such mortgage transaction is without the influence of the statute of frauds.

APPEAL from the City Court of Gadsden, in Equity. Heard before the Hon. JOHN H. DISQUE.

The bill in this case was filed by the appellee, Charles C. Nadel, against the appellant, W. Scott O'Connor, to foreclose a mortgage. The bill as amended averred the following facts : The appellant, W. Scott O'Connor, defendant below, was the owner, on the 7th of March, 1895, of certain lands, "known as the town property of the Attalla Iron & Steel Company, situated at Attalla, Etowah county, Alabama, as indicated by a certain map," &c. ; that on or about that day, the defendant applied to the appellee, Charles C. Nadel, the complainant below, for a loan of $5,000, to be secured by a mortgage on said lands ; that complainant loaned and delivered to the defendant the sum of $5,000, and therefor the defendant, in order to secure the payment of the same, with interest at six per cent. per annum, from date, did by his deed convey the above described lands in fee simple to complainant, subject to a condition of defeasance on the payment of $5,000 on the 7th day of March, 1898, with interest as provided, payable semi-annually, on the 7th of September and March of each year, till the maturity of the loan, it being agreed that the whole of said sum of $5,000 should become due, at the option of complainant, on default in the payment of any instalment of interest for thirty days.

It is then averred, that neither the said sum of $5,000, nor any part thereof, has been paid to complainant, as stipulated in said deed of mortgage, for a length of time greater than thirty days ; and that said principal sum and a large amount of interest being due, complainant requested the defendant to pay the same, which he has refused, and still refuses to do.

Attached to the mortgage, as an exhibit, together with the mortgage, is a bond of Louis F. Burchard, Charles L. Burchard and Charles H. Moses, for $5,000, payable to complainant, and dated the same day of the mortgage, conditioned that if said obligors should pay to complainant, by the 7th of March, 1898, the sum of $5,000, with interest, at six per cent. per annum, payable semi-annually, until said principal sum should be paid, "as provided in a certain mortgage bearing even date herewith, made and executed by W. Scott O'Connor" to complainant, on certain property as described in said mortgage, then the obligation was to be void, otherwise to remain of force and effect.

[O'Conner v. Nadel.]

The bill prayed for an ascertainment of the mortgage debt, and foreclosure sale of the lands for its payment.

To the bill, as amended, the defendant demurred upon the following grounds: "1. Said bill shows from Exhibit 'A' to the bill that the debt is that of Louis F. Burchard, Chas. L. Burchard and Chas. H. Moses. 2. Said bill, as amended, shows on its face that Louis F. Burchard, Chas. L. Burchard and Chas. H. Moses, are necessary parties respondent to the bill of complaint as amended. 3. Exhibit 'A' shows that the debt secured is the debt or default of said Louis F. Burchard, Chas. L. Burchard and Chas. H. Moses, and is void under the statute of frauds. 4. It shows on its face that the property embraced in the mortgage is the property of the Attalla Iron and Steel Company, and yet does not make the Attalla Iron and Steel Company a party to the bill. 5. Said bill is vague, indefinite and uncertain in its description of the property on which foreclosure is sought. 6. Said bill is vague, indefinite and uncertain in its description of the property on which foreclosure is sought by reason of its exceptions. 7. Said bill is vague, indefinite and uncertain in its description of the property on which foreclosure is sought by reason of the vague, indefinite and uncertain exceptions therein contained. 8. The exceptions in said bill are vague, indefinite and uncertain in the description."

Upon the submission of the cause upon this demurrer the chancellor rendered a decree overruling the demurrer. From this decree the defendant appeals, and assigns the rendition thereof as error.

BURNETT & CULLI, for appellants.—The debt secured is that of Burchard, and is void under the statutes of fraud. It does not come up to the requirements of that statute, in that the mortgage does not sufficiently express the consideration.—Code of 1886, § 1732, subd. 5.

The description of the property in the bill is too indefinite, and the demurrer raising this question should have been sustained.—*Ward v. Janney*, 104 Ala. 124; *Hurt v. Freeman*, 63 Ala. 335; *Williams v. Roe*, 59 Ala. 629.

No counsel marked as appearing for appellee.

HARALSON, J.—1.   The defendant gave no sepa-
rate note for the $5,000 he borrowed from complainant,
nor was this necessary, for a recital of indebtedness in
the mortgage is sufficient evidence of the debt, whether
in an action of assumpsit by the mortgagee to recover
the debt, or in a suit to foreclose it.   A mortgage note
is not essential to the validity of the mortgage.—1 Jones
on Mort., § 71.

2.   The bond given by Louis Burchard and others to
the complainant, the same day the mortgage was given,
and which was not signed by the defendant, was no
part of the mortgage.   This bond was given to com-
plainant as security for the loan to the defendant, in
addition to the security furnished by the said mortgage,
or else the mortgage was given as additional security to
that the bond furnished.   In either case, the parties to
said bond were not necessary parties to the foreclosure
suit.

3.   It is a mistaken contention, that the property is
referred to in the bill as property belonging to the At-
talla Iron & Steel Company, or that the property was
described as in the town of Attalla.   The property is
described as the property known as the town property
of said Attalla Iron & Steel Company at Attalla, as in-
dicated by a certain map of the lands.   It is plain to all
intents, that the property mortgaged was the property
that once belonged to said company, at Attalla, which
does not necessarily mean in, but in or near Attalla.
The preposition, *at*, denotes primarily, "nearness, pres-
ence, or direction towards."   Webster's Dic.

4.   The debt is accurately described in the mortgage,
as to its amount; that it was for a loan made to defend-
ant by complainant in that sum, on the day of the date
of the mortgage; the date of its maturity is given; the
rate of interest it was to bear, and at what time payable
is also given, leaving nothing indefinite about it, more
than there would have been, if a note had been given
by defendant specifying all these terms of the debt; the
property is fully and sufficiently accurately described;
the consideration for the mortgage security is expressed
to be the sum loaned to defendant, besides the sum of
one dollar paid by complainant to him, and the law day
of the mortgage had passed.

There is no room for the suggestion of the statute of

frauds, as made by counsel for appellant, for, the trans-
action of the mortgage is clearly without that statute.
*Reynolds v. Kirk*, 105 Ala. 446.

The bill was well filed, and the demurrer, being with-
out merit, was properly overruled.

Affirmed.