# Bufford *v.* Raney.

## *Action of Detinue.*

122 565
133 542

1. *Detinue; mortgage under which defendant claims admissible in evidence.*—In an action of detinue, where the defendant claims the property sued for by virtue of a mortgage, it is no valid objection to the introduction in evidence of such mortgage that defendant had not shown that it was given for a *bona fide* subsisting debt; the recital of the indebtedness in the mortgage being sufficient evidence of the debt.

2. *Same; admissibility of evidence.*—In an action of detinue, brought by the purchaser of mortgaged property against the mortgagee, who had taken possession of said property, testimony of the mortgagor that the mortgage was given at the request of the mortgagee to prevent a creditor of the mortgagor from making his money out of the said property is incompetent and inadmissible.

3. *Priority of lien of execution over mortgage; lien does not pass to purchaser of property levied on.*—Where the mortgagee tells the mortgagor that he can not hold personal property under his mortgage as against an execution issued on a judgment recovered against the mortgagor by another creditor,

and in his efforts to get a third person to purchase the property to save it from being sold under the execution, the mortgagor repeats this statement to him, and, acting on such statement, said third person purchases the property by paying off the execution, such purchaser acquires thereby no lien on the property, but merely the title of the mortgagor subject to the lien of the mortgage.

4. *Detinue; when general affirmative charge improperly given.*—In an action of detinue brought by the purchaser of mortgaged property against the mortgagee who had taken possession thereof and claimed under the mortgage, where the mortgagor testified that the mortgage was paid and the mortgagee testified that there was still a balance due and unpaid on the mortgage debt, there is a conflict in the evidence, which makes it error to give the general affirmative charge as requested by defendant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was a statutory action of detinue, brought by the appellant, Ike Bufford, against the appellee, G. W. Raney, to recover a horse. The defendant pleaded the general issue.

The plaintiff, as a witness in his own behalf, testified that the horse sued for formerly belonged to one Joe Woods, and on March 4, 1896, Joe Woods and his wife came to the plaintiff and told him that his horse had been levied upon under an execution issued against said Woods in favor of one Dr. Smith, and would be sold by the constable levying the execution unless he could get some one to satify said execution; that he, Woods, had given to the defendant, Raney, a mortgage on said horse, but that Raney had told him he could not hold the horse under the mortgage, as against the execution, because the lien of the execution was superior to that of the mortgage and that for him, Woods, to get some one to pay off the execution for him. That thereupon he, the plaintiff, purchased and took possession of the horse sued for from the said Woods, upon the consideration that he should satisfy said execution, which he did, and with the further understanding that said Woods might buy the horse back by paying to the plaintiff the amount he had so paid in purchasing the horse. The other witnesses introduced

for the plaintiff, further testified, that after so purchasing the horse, he had continuous possession of him ,except that he let said Woods have the horse to cultivate his crop in the years 1896 and 1897; that while said Woods was thus in possession of the horse by permission of the plaintiff, the defendant took him out of the pasture without the plaintiff's knowledge or consent. The testimony of the other witnesses introduced for the plaintiff corroborated the testimony of the plaintiff.

After the witness, Joe Woods, introduced by the plaintiff, had testified on cross-examination that he executed the mortgage to the defendant, the defendant offered to introduce said mortgage in evidence. This mortgage was executed on February 5, 1896, and was given by the said Joe Woods to the defendant to secure the payment of a note for fifty dollars, executed by the said Joe Woods to the defendant on February 5, 1896, and payable December 2, 1896. The mortgage covered the horse sued for and the defendant's crop of cotton raised during the then current year. The plaintiff objected to the introduction of said mortgage in evidence, upon the following grounds: "1. The defendant did not show that said mortgage was given for a *bona fide* subsisting debt, and 2d, because the defendant had failed to show that the making of said mortgage contract was a *bona fide* contract, untainted with fraud, actual or intentional, on the part of the mortgagee." The court overruled this objection, permitted the defendant to introduce said mortgage in evidence, and to this the plaintiff duly excepted.

The plaintiff asked the witness Joe Woods the following question: "Whether or not said mortgage was given by him and accepted by Mr. Raney for the purpose of beating Dr. Smith out of his debt for the collection of which said execution had been issued and levied upon said horse?" To this question the witness replied in substance that said mortgage was given at the defendant's request for the purpose of keeping said Dr. Smith from making his money out of the horse. The defendant objected to the question and answer, and moved the court to exclude the answer from the jury, because it was irrelevant and immaterial. The court sustained the objec-

tion and motion, and to this ruling the plaintiff duly excepted. This witness, Joe Woods, then testified that at the time he executed said mortgage to said G. W. Raney, he was not indebted to him in any sum whatever, and that he was not indebted to him at the time he (witness) sold said horse to said Bufford, but that he did become indebted to him afterwards for some advances, but that he had paid it.

The defendant, as a witness in his own behalf, testified that he never told Joe Woods, or any one else that he could not hold the horse under his mortgage as against the execution in favor of Dr. Smith, and that he never gave said Woods permission to get any one else to discharge the execution; that the mortgage was given to secure advances which were to be made by the defendant to Woods during the year 1896; that the advances were made, and that there was still due the defendant for advances so furnished about $25. This mortgage was not filed for record until March 11, 1896.

The plaintiff requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "I charge you, gentlemen of the jury, that if you believe from all the evidence in this case, that Mr. Raney told Mr. Stinnett and Joe Woods that he could not hold the horse, and that it was communicated to the plaintiff, and he acted on the representation in purchasing the horse as testified, then you must find for the plaintiff." At the request of the defendant, the court gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JAMES A. ESTES, for appellant.—The objection to the introduction in evidence of the mortgage should have been sustained. The mortgage was inadmissible in evidence unless the party would first show that the mortgage was given for a *bona fide* subsisting debt and that

[Bufford v. Raney.]

the transaction in giving the mortgage was a *bona fide* transaction untainted with fraud actual or intentional on the part of the mortgagee claiming under it.—*Echols v. Peurrung Bros.,* 107 Ala. 664; *Gilliland v. Fenn,* 90 Ala. 236; *City Fur. Co. v. Lehman, Durr & Co.,* 111 Ala. 438.

No counsel marked as appearing for appellee.

HARALSON, J.—1. There was no merit in the objections raised to the introduction in evidence of defendant's mortgage. It recited a debt due from the mortgagor to him, which was sufficient evidence of the debt. *O'Connor v. Nadel,* 117 Ala. 595. The burden was on the plaintiff as purchaser of the mortgaged property, to show that the mortgage debt was paid, and, therefore, the title was no longer in defendant.—3 Brick. Dig. 641, § 111.

2. Nor was there error in excluding from the jury the answer of the witness, Woods, the mortgagor, to the plaintiff's question,—"Whether or not said mortgage was given by him and accepted by defendant for the purpose of beating Dr. Smith out of his debt, for the collection of which execution had been issued and levied on the horse?"—the answer being, that it was given at the request of defendant for the purpose of keeping Dr. Smith from making his money out of the horse. That answer may have been true, and yet it would not follow therefrom, that the debt evidenced by the mortgage was not owing. If the mortgagor owed defendant, it was a legitimate transaction for him to procure his debtor to execute to him this mortgage, to get ahead of Dr. Smith, and thereby keep him from making his money out of the horse.

3. The charge requested by plaintiff was properly refused. All that the evidence shows in respect to the matter referred to in the charge, in its most favorable phase for plaintiff is, that the defendant acknowledged that Dr. Smith's execution, which had been levied on the horse, was of prior and superior lien to his mortgage. The horse was not sold under execution, but plaintiff

[Davis v. McWhorter.]

bought it at private sale from Woods, the mortgagor, by agreeing to pay and satisfy for him the judgment or execution debt of Dr. Smith, which he did, and allow him, Woods, to refund to plaintiff the money thus paid for him, and if he did not do so, that plaintiff was to pay him a further sum, which with the money advanced to discharge the execution, would make the price paid to and for him amount to $40, the value of the animal as testified by plaintiff. This transaction did not give plaintiff the lien of Dr. Smith, the execution creditor, on the horse, or any lien at all on him, but merely the title of the mortgagor, subject to the defendant's mortgage, of the existence of which plaintiff was well informed.

4. Joe Woods, the mortgagor, testified that at the time he executed said mortgage to defendant, he was not indebted to him in any sum whatever, and was not indebted to him at the time he sold the horse to plaintiff, that he did owe him afterwards for some advances but that he had paid it. If this was true, the mortgage debt was fully paid, and this divested the title out of defendant acquired by the mortgage, and the title would belong in such case, to the plaintiff as purchaser of the property from the mortgagor.—Code, § 1067. But, defendant testified that the mortgage debt had not been paid, and there was still due on it the sum of $25. Here was a direct conflict in the evidence, and there was no room for the general charge as requested by defendant and given by the court. For this error, let the judgment be reversed and the cause remanded.

Reversed and remanded.