# Scarbrough *v.* Rowan.

## *Action of Trover.*

125  509
134  579

1. *Action of trover; when complaint fails to state cause of action.* In an action seeking to recover damages for the alleged conversion of cotton, where the complaint, after stating the claim and the date of the alleged conversion, then avers that the cotton was grown upon rented lands and that the landlord "assigned to plaintiff for said year her lien as landlord for rent, * * * and the rent not having been paid, plaintiff by said assignment succeeded to the rights of said Cook (the landlord), and yet while the landlord's lien was still in existence unsatisfied, the said defendant converted said cotton to his own use," there is not stated a cause of action, either in trover or in case; and therefore the plaintiff would not be, under any state of the evidence, entitled to a judgment.

[Scarbrough v. Rowan.]

APPEAL from the circuit court·of Calhoun.

Tried before the Hon. JOHN PELHAM.

This action was brought by the appellee, Peyton R.. Rowan, against the appellant, Eba Scarbrough, and. sought to recover damages for the alleged conversion of' three bales of lint cotton.

The complaint is set out *in extenso* in the opinion. The· facts were undisputed and show that one Wilson was. the tenant of one Mrs. S. L. Cook; that Mrs. Cook transferred the rent note of Wilson to plaintiff before maturity; that the tenant Wilson sold the ·cotton involved in the controversy to the defendant, and that at the time· of the purchase the defendant knew that Wilson was the tenant of Mrs. Cook and had also been informed that plaintiff held the rent note. The defendant introduced no testimony, and upon this evidence the court gave the· general affirmative charge for the defendant, and there· was judgment rendered for the defendant. Subsequently the plaintiff made a motion for a new trial on the ground that the court erred in giving the general affirmative· charge in favor of the defendant. This motion was granted and a new trial was ordered. From the judgment granting a new trial the defendant appeals, and assigns the rendition thereof as error·

THOMAS W. COLEMAN, JR., for appellant.—A complaint must not only show an actionable wrong done by defendant, but must also show that that wrong so affects plaintiff's rights as authorizes plaintiff to sue.— *Browder v. Gaston,* 30 Ala. 677; *Douglass v. Beasley,* 40 Ala. 142; *R. R. Company v. Edmonds,* 41 Ala. 667; *Capehart v. Furman,* 103 Ala. 671; *St. Clair County v. Smith,* 112 Ala. 347.

Complaint in the present case did not state a cause of action and, therefore, the plaintiff was not, under the evidence, entitled to a judgment.—*Bolling v. Kirby,* 90 Ala. 215; *Hussey v. Peebles,* 53 Ala. 432; *Ehrman v. Oates,* 101 Ala. 604; *McCarty v. Roswald,* 105 Ala. 511.

A. P. AGEE, *contra*. cited, *Ehrman v. Oates,* 101 Ala. 604; *Moody v. Walker,* 89 Ala. 617; *Bradfield v. Patterson,* 106 Ala. 401.

McCLELLAN, C. J—This action is by Rowan v. Scarbrough. The complaint is as follows: "The plaintiff claims of the defendant seventy-two and 60-100 dollars due for the conversion by him of one bale of lint cotton weighing 510 pounds, on the 22d day of October, 1897, and of two bales of lint cotton weighing 473 pounds each, on the 18th day of November, 1897. The plaintiff avers that one H. G. Wilson was the tenant of S. L. Cook during the year 1897, and said Cook assigned to plaintiff for said year her lien as landlord for rent. And plaintiff avers that the said above described cotton was grown on the lands rented by Wilson from Cook, and the rent not having been paid, plaintiff by said assignment, succeeded to the rights of said Cook, and yet, while the landlord's lien was still in existence unsatisfied, the said defendant converted the said cotton to his own use." There are several minor defects in this complaint which would be waived by plea; but there is one defect which no plea could cure and no failure to demur would waive: It does not state a cause of action. It affirmatively shows that the plaintiff did not have *title* to the cotton, and hence no case is made for recovery in trover. And it fails utterly to aver that plaintiff's lien has been lost, or destroyed, or even impaired by defendant's alleged conversion of the cotton, and hence no cause of action in case is stated, for there may well have been a conversion to defendant's own use of cotton, which, the defendant still having possession of it, would not destroy the plaintiff's lien nor impede him in its effectuation.—*Hussey v. Peebles,* 53 Ala. 432; *McCarty v. Rosewald & Co.,* 105 Ala. 511. The complaint containing no cause of action, the court might have charged the jury without hypothesis to find for the defendant; no sort of proof could inject life into plaintiff's case, so as to have entitled him to a judgment. If a judgment had been entered for him, this court would have reversed it. Judgment having been rendered for the defendant, the circuit court erred in setting it aside and awarding a new trial. The judgment on the motion for a new trial must be reversed; and a judgment will be here entered denying and dismissing said motion.

Reversed and rendered.