# Ingram *et al. v.* Bussey.

## *Action of Assumpsit.*

1. *Action upon contract to pay property; what necessary to maintain suit.*—In a contract to pay property or for the delivery of personal property, an action for the value of the property can not be maintained until there has been a demand made for the property and a refusal or failure to deliver it, unless it be shown that such demand would have been futile; and a complaint upon such a contract which alleges neither demand nor refusal, nor any facts which would have excused the making of it, is faulty and subject to demurrer.

2. *Pleading and practice; when complaint filed in the circuit court no departure from the complaint in justice of the peace court.* Where in a complaint filed in a justice of the peace court the "plaintiff claims of defendant seven hundred pounds of lint cotton on a waive note due and unpaid," an amended complaint filed in the circuit court wherein the "plaintiff claims of the defendant seventy dollars, the value of seven hundred pounds of lint cotton which defendants owe to the plaintiff, and which was due * * * under a writ-

[Ingram *et al.* v. Bussey.]

ten instrument or mortgage," is not a departure from the cause of action stated in the complaint filed in the justice of the peace. court.

3. *Evidence; admissibility of mortgage in action of assumpsit.*—In an action of assumpsit, wherein the plaintiff claims the value of a certain number of pounds of lint cotton, which it is averred in the complaint defendant owed plaintiff under a written instrument or mortgage made by the defendant, the mortgage referred to in the complaint is admissible in evidence; and it is no valid objecton to the introduction of such mortgage in evidence that the plaintiff had not shown that it was given for a *bona fide* subsisting debt.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This case was originally instituted by appellee in a justice of the peace court; the complaint, as shown by the record, being as follows: "The plaintiff claims of the defendant seven hundred pounds of lint cotton on a waive note, due and unpaid." Upon a hearing of the cause the justice rendered a judgment against defendant as follows: "After hearing the evidence the court gave judgment for the amount claimed or its value in money, $70, and costs against defendants."

The case was removed by defendants to the circuit court of Montgomery county by a statutory writ of *certiorari.* At the trial in the circuit court the plaintiff filed a new complaint, which is copied in the opinion. The defendants filed a motion to strike this new complaint from the file, assigning several separate grounds which raised substantially the proposition that the new complaint set up a new cause of action in that the suit instituted in the justice court was in detinue, and the complaint filed in the. circuit court was in assumpsit. This motion was overruled. Thereupon the defendants demurred to the complaint as filed in the circuit court upon the ground, among others, that it failed to aver any breach of the contract sued on.

During the trial of the cause the plaintiff introduced in evidence the mortgage which was given by the defendants, and which was referred to in the complaint. The defendants objected to the introduction of this mortgage

in evidence upon several grounds, which were substantially as follows: 1. It was not the property described in the complaint. 2. It shows on its face that it was not the original promise or undertaking between the parties to this suit, and that such promise was evidenced by the note. 3. It is merely a security for the payment of the debt and not a promise. The court overruled this objection, and the plaintiff duly excepted. Under the opinion on the present appeal it is unnecessary to set out in detail the facts of the case or the rulings of the trial court upon the evidence.

Upon the introduction of all the evidence the defendants requested the court to give to the jury, among others, the following written charge: "If the jury believe the evidence, they must find for the defendants." The court refused to give each of the charges requested by the defendants, and the defendants separately excepted.

There were verdict and judgment for the plaintiff. Defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

HILL & HILL, for appellants.—The motion of the defendants to strike the amended complaint filed in the circuit court should have been granted.—*Leatherwood v. Suggs,* 96 Ala. 383; *James v. Vicors,* 119 Ala. 32; *McCummin v. Campbell,* 82 Ala. 566; 2 Ency. Pl. & Pr., 992.

The complaint filed in the circuit court did not sufficiently state a cause of action.—2 Ency. Pl. & Pr. 992.

LOMAX, CRUM & WEIL, *contra.*—The law does not require strict pleading in justice of the peace court. The complaint filed in the circuit court was not a departure from the cause of action as set forth in the complaint filed in the justice court.—*Freeman v. Spegal,* 83 Ala. 191; *L. & N. R. R. Co. v. Barker,* 96 Ala. 435.

The mortgage was properly admitted in evidence. The recital of indebtedness in the mortgage was sufficient evidence of the debt.—*O'Conner v. Nadel,* 117 Ala. 595; *Buford v. Raney,* 122 Ala. 565.

McCLELLAN, C. J.—Action by Bussey against Ingram and another. The complaint is as follows: "Plaintiff claims of defendants seventy dollars, to-wit, the value of to-wit seven hundred pounds of lint cotton, which the defendants owe to plaintiff and which was due on the 1st day of October, 1900, under a written instrument or mortgage made by defendants on the 17th of May, 1900, and plaintiff avers that the defendants expressly waive in said instrument all exemptions secured to them under the laws of Alabama." One ground of the demurrer to this complaint was that it failed to aver any breach of the contract sued on. The demurrer should have been sustained. On a contract to *pay* property, an action for the value of the property cannot be maintained until there has been a demand made for the property and a refusal or failure to deliver it, unless it is made to appear that such demand would have been futile. This complaint alleges neither a demand and refusal, nor any facts which would have excused the making of it. Nor was there any evidence adduced on the trial going to show such demand and refusal, or any facts which would have authorized suit for the money value without demand for the property. The court, therefore, erred also in refusing the affirmative charge requested by the defendants.—*Ragland v. Wood,* 71 Ala. 145, 150, and authorities there cited. If there is any custom efficacious to take contracts for the payment of cotton out of the doctrine of the case cited, there is no averment or proof thereof in this record.

We deem it unnecessary to discuss other points arising on the transcript at length. We do not find that the action before the justice of the peace was in detinue, and hence concur with the circuit court in holding that the complaint there filed was not a departure from the case tried in the justice's court.—*Freeman v. Speegle,* 83 Ala. 191; *L. & N. R. R. Co. v. Barker,* 96 Ala. 435.

The mortgage was properly received in evidence under the complaint.—*Buford v. Rancy,* 122 Ala. 565; *O'Connor v. Nadel,* 117 Ala. 595.

Reversed and remanded.