# Linam *v.* Jones.

*Attachment Suit by Landlord for Rent of Land.*

1. *Attachment in justice's court; defects in affidavit can not be· complained of for the first time in the circuit court.*—On an appeal to the circuit court in an attachment suit commenced in a court of a justice of the peace, advantage can not be· taken of the defects in the affidavit upon which the attachment was sued, which were not objected to before the justice of the peace; since such objections made for the first time in the circuit court, come too late.

2. *Statute of frauds; when contract for the payment of rent not within the statute.*—Where after the death of a tenant. during the term of his lease, his wife, who remains upon the rented premises, agrees, in consideration of her retaining· possession of the land for tne balance of the term, to pay the rent which her husband had promised to pay, such agree-- ment on the part of the wife is an original and independent undertaking by her, and is not within the influence of the· statute of frauds.

3. *Peading and practice; effect of joining issue on immaterial pleas.*—Where issue is joined on a plea or replication which. sets up immaterial matter, evidence which tends to support or defeat such plea or replication is relevant, and if other- wise competent, should be admitted.

4. *Landlord and tenant; admissibility of evidence.*—In an action by a landlord to recover rents, where issue is joined upon a special replication which raises the question of plain- tiff's ownership of the rented premises, it is permissible for the defendant to show that the plaintiff did not own said. land; but a deed executed by the plaintiff prior to the mak- ing of the lease is not admissible in evidence, where it is. not shown or offered to be shown that the land conveyed in. said deed was the land included in the rent contract..

5. *Landlord and tenant; pleading and practice; admissibility of evidence.*—In an action by a landlord to recover rent, where the defendant by special plea sets up the payment of the rent to a third party, and the plaintiff in his replication to. such plea ignores the averment contained therein that the.

[Linam v. Jones.]

defendant had paid the rent to a third party, and the defendant, without demurring thereto, joins issue on said replication, by so aoing the averment in defendant's plea of payment of rent to a third party ceases to be an issue in the case; and, therefore, in such a case, it is not error for the court to refuse to permit the defendant to prove that the rent had been paid to a third party.

6. *Action for rent; when complaint fails to state a cause of action.* A complaint in which "plaintiff claims of the defendant twelve hundred pounds of lint cotton or its alternative value, one hundred and eight dollars, the rent of a tract of land," which is described, for a designated year, does not state a cause of action and will not support a judgment in favor of the plaintiff.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN C. ANDERSON.

This was an action brought by the appellee, J. B. Jones, against Mary Linam and was commenced before a justice of the peace, the plaintiff suing out an attachment as landlord for the collection of rent alleged to be due. After judgment rendered in favor of the plaintiff by the justice of the peace, the defendant appealed to the circuit court.

The complaint was in words and figures as follows: "The plaintiff claims of the defendant twelve hundred pounds of lint cotton, or its alternate value, one hundred and eight dollars, the rent of a tract of land, viz: One hundred and twenty acres of land, more or less, known as the J. B. Jones place in Monroe county, Alabama, which was demised by the plaintiff to the defendant in the year 1900, and for the year 1900." To this complaint the defendant filed the following pleas: "1. General issue, with leave to introduce in evidence any matter that could be specially pleaded." 2. "That the contract which is the foundation of this suit was a special promise to answer for the debt, default or miscarriage of another, and that such special promise was not in writing expressing the consideration for such promise. Therefore, this defendant is not liable in this action." 3. "That the contract which is the faundation of this suit was without consideration

[Linam v. Jones.]

in this, that Henry L. Linam, who was the husband of this defendant, rented from the plaintiff as agent of M. A. Jones, certain lands in Monroe county, Alabama, for the year 1900; that during the month of April, 1900, said Mary L. Linam became dead; that the rent was for two bales of lint cotton weighing six (6) hundred pounds, which was due on the first day of November, 1900; that subsequent to the death of the said Henry L. Linam on, to-wit, the 22d day of October, 1900, this defendant agreed with the said J. B. Jones as agent of M. A. Jones to pay the amount of rent due by said H. L. Linam to the said J. B. Jones as agent of M. A. Jones; that at the time this defendant agreed to pay said rent, she was in possession of and residing upon the lands rented by her husband, H. L. Linam, and was so residing at the time of the death of the said H. L. Linam. Wherefore, this defendant is not liable to the plaintiff in this cause." 4. "That the contract which is the foundation of this suit was without consideration in this, that Henry L. Linam, who was the husband of this defendant, rented from the plaintiff certain lands in Monroe county, Alabama, for the year 1900; that during the month of April, 1900, said Henry L. Linam became dead; that the rent was for two bales of lint cotton, weighing six (6) hundred pounds, which was due on the first day of November, 1900; that subsequent to the death of said Henry L. Linam on, to-wit, the 22d day of October, 1900, this defendant agreed with the said J. B. Jones to pay the amount of the rent due by said Henry L. Linam to the said J. B. Jones; that at the time this defendant agreed to pay said rent, she was in possession of and residing upon the lands rented by her husband, H. L. Linam, and was so residing at the time of the death of the said H. L. Linam. Wherefore, this defendant is not liable to the plaintiff in this case." 5. "For answer to the complaint this defendant says that in the early part of the year 1900, her husband, H. L. Linam, rented of J. B. Jones, agent of M. A. Jones, certain lands in Monroe county, Alabama, for the year 1900, agreeing to pay two bales of lint cotton, weighing six (6) hundred

[Linam v. Jones.]

pounds, due the first day of November, 1900; that under said agreement of rent said H. L. Linam, who was the husband of this defendant, went into possession of said lands, and that this defendant was in possession of said lands as wife of said H. L. Linam; that during the month of April, 1900, said H. L. Linam became dead, that during the month of May, 1900, said M. A. Jones became dead; that said M. A. Jones had only a life interest in the property rented to said H. L. Linam, and at her death the property became vested in Minnie and Lucy Jones, minors; and that on the 26th day of October, 1900, before said rent became due, and after the death of said H. L. Linam and M. A. Jones, a notice was served on this defendant by F. J. Dean, as next friend of Minnie and Lucy Jones, demanding that this defendant attorn to him as next friend of Minnie and Lucy Jones, as tenant for such lands, and that after receiving such notice this defendant did pay to said Minnie and Lucy Jones the rent due on said lands. Wherefore, this defendant is not liable in this action." 6. "Answering to the complaint in this cause, this defendant pleads and says that during the early part of the year 1900, H. L. Linam, who was the husband of this defendant, who became dead in the month of April, 1900, rented of J. B. Jones certain described lands in Monroe county, Alabama, for the year 1900, and agreed to pay as rent thereof, two bales of lint cotton, weighing six (6) hundred pounds each, and that on the 22d day of October, 1900, this defendant agreed with said J. B. Jones that she would pay the rent which the said H. L. Linam had contracted with said J. B. Jones to pay; that at the time that this defendant agreed to pay said rent, she was under the impression and was so informed by J. B. Jones, that he was owner and had legal title to said lands, and that it was with this understanding and this agreement that she agreed to answer for the debt of her husband, H. L. Linam; that subsequent to such an agreement, to-wit, the 26th day of October, 1900, she was informed and ascertained that J. B. Jones was not the owner, and did not have legal title to the lands rented by her husband from J. B. Jones,

but that Minnie and Lucy Jones were the owners and had the legal title to said lands, under and by virtue of a deed executed by said J. B. Jones."

The defendant filed in the circuit court a plea in abatement seeking to have a writ of attachment quashed, on the ground of defects existing therein as averred in said plea.

The plaintiff filed the following replication: "Comes plaintiff and for replication to pleas Nos. 3, 4, 5 and 6 of defendant, says and avers that he, as individual and not as agent of any one, rented said lands to H. L. Linam for the year 1900; that when said H. L. Linam died plaintiff went to see defendant, and defendant was allowed by plaintiff to remain upon the land upon her agreeing to pay said rent of twelve hundred pounds of lint cotton for rent of said land for 1900, and defendant agreed to pay said rent for said land, and defendant thereupon agreed for her to remain in possession of the land, to cultivate the crop, and that said land belongs to plaintiff, and that she remained under her contract with plaintiff."

Issue was joined on the first and second pleas of the defendant, and on the plaintiff's replication to the third, fourth, fifth and sixth pleas of the defendant, and upon this issue the cause was tried.

On the trial of the cause the defendant moved the court to quash the writ of attachment, assigning as grounds thereof several alleged defects in said writ. The defendant moved the court to strike this motion to quash the writ of attachment as filed. The court sustained the plaintiff's motion to strike. To this ruling the plaintiff duly excepted. The plaintiff also moved the court to strike the plea in abatement. The court sustained this motion and struck said plea, and to this ruling the defendant duly excepted.

On the trial of the cause, the plaintiff, as a witness in his own behalf, testified that he owned about 120 acres of land in Monroe county, and had been in possession of said lands since 1885; that he rented this land to H. L. Linam, the husband of the defendant, for the year 1900;

that during the month of April, 1900, H. L. Linam died, and shortly after his death the plaintiff went to see said defendant during the month of April; that the defendant was at that time upon the land which had been rented by her husband, and after talking with her in reference to the rent, the defendant agreed to pay him the rent which her husband had agreed to pay for the year 1900, she to remain on the land during that year, and he agreed to deduct some of the rent. The plaintiff further testified that the rent agreed upon was 1,200 pounds of lint cotton, and that during the fall of 1900 lint cotton was worth 9 cents per pound. An the cross-examination of the plaintiff he was asked whether or not he did not convey all of his right and title to the land in question to his brother, before he rented the land to the defendant's husband. The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted. This was all the evidence introduced by the plaintiff.

The defendant, as a witness in her own behalf, testified that she lived with her husband upon lands which they rented from the plaintiff in the year 1900; that her husband died on the 30th day of April; that she did not make any contract with the plaintiff for the rent of the land in question during the month of April, and never had any conversation with him in reference to renting the land until during the month of October, 1900; that during this latter month the plaintiff asked her if she would not pay the rent which her husband had agreed to pay, telling her what the amount was, and that at that time she agreed to pay the rent which her husband had agreed to pay; that at the time this agreement was made she was living on the place and cultivating the land, and the agreement was made before the crop was gathered.

The defendant was then asked the following question: "Did you pay the rent in question to any one else, and if so to whom did you pay it?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted. The defendant was then asked whether or not any one else came to her and demanded that she should pay the rent on the land in question to

them? The court sustained the objection to this question, and to this ruling the defendant duly excepted. The defendant then offered in evidence a deed which was executed by the plaintiff and others May 29, 1886, conveying to J. T. Jones, the brother of the plaintiff, certain lands specifically described. It was not shown that the lands conveyed in this deed were those for the rent of which the present suit was brought. The plaintiff objected to the introduction of said deed in evidence upon the ground that it was irrelevant and incompetent. The court sustained the objection, and the defendant duly excepted.

The court at the request of the plaintiff, gave the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by her.

There were verdict and judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

C. E. HAMILTON and W. C. CRUMPTON, for appellant. While the general rule of law is that a tenant could not deny the title of the landlord, yet he may show that his landlord's title has been extinguished by his own acts or by operation of law.—*English v. Key,* 39 Ala. 113; *Westmoreland and Trousdale v. Foster,* 60 Ala. 448; *Tubb v. Fort,* 58 Ala. 277.

The case must be tried on the issues developed by the pleadings. Issue having been taken on pleas, the defendant should have been allowed to introduce testimony in support of it.—*Jones v. Haigler,* 95 Ala. 536; *Ga. Pac. Railway Co. v. Propst,* 90 Ala. 1; *Kerney v. Kling,* 95 Ala. 230; *Masterson v. Gibson,* 56 Ala. 56; *Agnew, Admr., v. Walden & Sons,* 84 Ala. 506; *Farrow v. Andrews & Co.,* 69 Ala. 96; *Mudge v. Treat,* 57 Ala. 1.

The statute of frauds was pleaded and to sustain the general charge of the court in favor of the plaintiff, was to utterly disregard the plain language of the statute,

[Linam v. Jones.]

and to permit a recovery on a promise to pay the debt of a third person, even without evidence that the promise was in writing.—*Sherman v. Jackson*, 47 Ala. 334; *Clark & Wadsworth v. Jones*, 85 Ala. 130; *Webb v. Hawkins Lumber Co.,* 101 Ala. 630.

MILLER & MILLER and WATTS, TROY & CAFFEY, *contra.* The question of whether an attachment was sued out on an authorized ground should be raised by a motion to show cause why the same should not be dissolved. *Drakeford v. Turk,* 75 Ala. 339; *Adair v. Stone,* 81 Ala. 116.

Defects in attachment proceedings begun before a justice of the peace cannot be raised for the first time in the circuit court.—*Staggers v. Washington,* 56 Ala. 225; *Horton v. Miller,* 84 Ala. 539.

A tenant is estopped to deny his landlord's title or to set up title in a stranger.—3 Brick. Dig. 608, § 159; *Davis v. Williams,* 130 Ala. 530.

Unless the obligation sued on is collateral to an original undertaking which continues in force, and even if the original undertaking continues, if the new promise is supported by an independent consideration of benefit to th promissor, or of detriment to the promisee, the contract is not void under the Statute of Frauds because not in writing.—*Lehman v. Levy,* 69 Ala. 51; *Thornton v. Williams,* 71 Ala. 555; *Thornton v. Guice,* 73 Ala. 322-3; *Westmoreland v. Porter,* 75 Ala. 457-9.

DOWDELL, J.—The appellee, plaintiff in the court below, sued out an attachment as landlord for the collection of rent. The suit was begun in the justice of the peace court, in which court the plaintiff recovered a judgment and the defendant appealed to the circuit court. In the circuit court the defendant sought for the first time to quash the writ of attachment on motion and also on plea, on account of defects in the affidavit upon which the writ was issued. No objection having been raised in the justice court to defects in the suing

37c

[Linam v. Jones.]

out of the attachment, on appeal they are considered as having been waived. Both the motion to quash the writ and the plea in abatement came too late.—*Staggers v. Washington.* 56 Ala. 225; *Horton v. Miller*, 84 Ala. 539.

The regular and proper course with the motion to quash would have been for the court upon consideration to have overruled the motion, but as no injury resulted in striking the motion no reversible error was committed. The motion to strike the plea in abatement was proper and the court rightly ruled in sustaining the motion.

In answer to the complaint the defendant filed six pleas, the first being the general issue, the second setting up the statute of frauds, and the 3d, 4th, 5th and 6th setting up special matters in avoidance. To the 3d, 4th, 5th, and 6th pleas, the plaintiff filed a special replication. There were no demurrers interposed to the special pleas, nor to the special replication. The issues as made up by the pleadings, were on the 1st and 2d pleas to the complaint, and on the replication to the 3d, 4th, 5th and 6th pleas.

The evidence without conflict showed a renting of the land by the plaintiff to the defendant and the amount of the rent in cotton, its value and that the same was due, the only dispute being as to whether the rent contract was made shortly after the month of April, as the plaintiff testified, or in the month of October as the defendant testified. Whether the rent contract between the plaintiff and defendant was made in April or October to pay the year's rent, in consideration of defendant's remaining on the land was of no consequence, and the consideration was sufficient to support the contract. The promise to pay the rent in consideration of the defendant's retaining the possession of the land for the balance of the year, was an independent and original undertaking by her, and the statute of frauds is without application.

The rule is well settled that parties may try their cases on immaterial issues, if they see proper to do so, and where a plea or replication sets up immaterial mat-

[Linam v. Jones.]

ter, and issue is joined on such plea or replication, evidence which tends to support or defeat the plea or replication is relevant and if competent is admissible. The special replication of the plaintiff to defendant's special pleas, on which issue was joined by the defendant, raised the question of the plaintiff's owne ship of the land, and under this issue it was permissible for the defendant to show that the plaintiff did not own the land, but there was no error in excluding on plaintiff's motion the deed offered by the defendant as it was not shown, nor was it offered to be shown, that the land embraced in the deed was the land embraced in the rent contract.

It is insisted by appellant's counsel that under the 5th plea, the court erred in not permitting the defendant to prove that she had paid the rent to a third party. In the first place this averment in the 5th plea presented an immaterial issue, yet, under the rule, if the plaintiff had taken issue on the plea, the evidence would have been competent and relevant, and the exclusion of it would have constituted reversible error. The plaintiff, however, did not take issue on this plea, but replied specially and in his replication ignored this averment of the plea, and the defendant without demurring joined issue on the replication, and by so doing the averment in defendant's plea of payment of the rent was no longer an issue under the pleadings, and consequently no reversible error was committed in excluding this evidence.

The complaint, however, does not state a cause of action. The cotton is claimed as rent of land, and could not be recovered in detinue because plaintiff has no title.—*Scarbrough v. Rowan*, 125 Ala. 509. Of course the cotton could not be recovered in assumpsit. The complaint shows no breach of any contract for the delivery of the cotton and therefore no recovery could be had for the value of the cotton.—*Ragland v. Wood*, 71 Ala. 145. The complaint failing to state a substantial cause of action, there is nothing upon which to rest a verdict and judgment.—Code of 1896, § 3333; *L. & N. R. R. Co. v. Williams*, 113 Ala. 402; *St. Clair County v. Smith*, 112 Ala. 347; *Marion v. Regenstein*, 98 Ala. 475; *Thomas v.*

*Stepney,* 58 Ala. 365; *Bender v. Meyer,* 55 Ala. 576; *Taylor v. Jones,* 52 Ala. 78; *Kelly v. Moore,* 51 Ala. 364; *Winnemore v. Matthews,* 45 Ala. 449; *Douglas v. Beasley,* 40 Ala. 142; *Childress v. Mann,* 33 Ala. 206. Moreover, the complaint claims in the alternative, "twelve hundred pounds of lint cotton, or its alternative value, one hundred and eight dollars, the rent of a tract of land" etc. and in so doing, it cannot be said to be a claim for either the cotton in specie or the money.

The judgment will be reversed and the cause remanded.