# Davis *v.* Douglass.

## *Assumpsit.*

(Decided April 15, 1915.　68 South. 528.)

1. *Interpleader; Statutory Remedy; Scope.*—The remedy provided by section 6050, Code 1907, is designed to accomplish in a simpler and more convenient way the objects of a bill of interpleader in equity, and is governed by the same principles, and where the bill will not lie, the statutory remedy does not exist.

2. *Same; Grounds; Privity of Title Between Claimants.*—To warrant the equitable or statutory remedy of interpleader, all the adverse titles or claims to the thing or debt in reference to which interpleader is claimed must be dependent upon, or derived from, a common source; in the case of adverse independent titles, the party owing the debt or holding the property must protect himself by defending at law.

3. *Same.*—Where land was rented to a defendant, but no note was taken by the landlord, who subsequently sent her son to procure rent notes payable to her, but who, in violation of his instructions, and without authority, procured a note payable to himself and assigned it to the plaintiff, and in an action on such note, defendant sought to interplead the landlord who had not ratified the act of her son; held, that as the unauthorized act of the son was not binding on the landlord, the note did not represent the rent due her, and she had no title or claim to the note, or to the supposed rent for which it was given, and hence the respective claims of the plaintiff and the landlord were independent, and not traceable to, or derived from, a common source, and interpleader could not be maintained.

4. *Same; Contracts for Payment of Money.*—A contract for the delivery of cotton as rent, when breached after demand and an action brought for the value of the property, was a contract for the payment of money within the provisions of section 6050, Code 1907, authorizing interpleader.

5. *Assignments; Contracts; Defenses Available.*—The contract for the delivery of cotton for rent is a non-negotiable instrument, and open to the same defenses in the hands of an assignee, as in the hands of the original payee.

6. *Landlord and Tenant; Actions for Rent; Estoppel to Deny Title.*
—While ordinarily a tenant is estopped from denying the title of
one whom he has acknowledged as landlord, and consequently from
setting up a lack of consideration for a note executed to such land-
lord as rent, yet if the tenant did not receive the possession of the
premises from such landlord, and was induced to acknowledge him
as landlord, through fraud, misrepresentation or mistake, as in this
case, he is not estopped from denying such landlord's title, or from
pleading a want of consideration for a note given as rent.

7. *Same; Action for Rent.*—In an action for the value of cotton,
which had been agreed to be delivered as rent, the plaintiff must al-
lege and prove a demand for the cotton before suit brought, to be
entitled to recover.

8. *Appeal and Error; Reservation of Grounds.*—Where the com-
plaint did not state a substantial cause of action, a defendant is
entitled to the affirmative charge, and to a reversal for directing a
verdict for the plaintiff, notwithstanding no objection was taken
thereto at the trial. (Section 4143, Code 1907.)

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by A. S. Douglass against J. M. Davis to re-
cover the value of cotton alleged to be due as rent.
Judgment for plaintiff and defendant appeals. Reversed
and remanded.

A. B. FOSTER, for appellant. Under the facts in this
case, the debt was payable in cash.—*Hamil v. Flowers,*
63 South. 994. The court erred in sustaining demurrers
to the special defense of interpleader.—§ 6050, Code
1907; *Stewart v. Sample,* 168 Ala. 274; *Nelson v. Goree,*
34 Ala. 555; *Jackson v. Jackson,* 91 Ala. 292; *Crass v.
M. & C. R. R. Co.,* 96 Ala. 447. Whenever an agent
makes a contract in his own name, for the benefit of an
undisclosed principal, the principal has the rights to
claim the benefit thereof, and may sue on the same, al-
though his name is not known in the transaction.—*Sel-
lers v. Malone,* 151 Ala. 426; *Brooks v. Griel,* 179 Ala.
462; *W. U. Tel. Co. v. Leland,* 159 Ala. 539; 31 Cyc.
1598, 1600; 1620, 1660.

JOHN H. WILKERSON, for appellee. The action was
properly brought in the name of the legal holder of the

[Davis v. Douglass.]

note.—Sections 2489 and 5158, Code 1907; *Phillips v. Sellers,* 42 Ala. 658; *Bohannon v. Thomas,* 159 Ala. 410. Interpleader attempted will not lie in this case.—5050, Code 1907; *Nelson v. Goree,* 34 Ala. 565; *Gibson v. Goldthwaite,* 7 Ala. 281; *Johnson v. Maxey,* 43 Ala. 538; *Coleman v. Chambers,* 127 Ala. 615, 23 Cyc. 8, and authorities cited by appellant. The defendant cannot by plea suggest a third person as claimant.—*Agee v. Medlock,* 25 Ala. 281; *Atkins v. Knight,* 46 Ala. 539.

THOMAS, J.—Section 6050 of the Code provides that: "A defendant against whom an action is pending upon any contract for the payment of money may at any time before issue joined, make affidavit that a person not a party to the suit, without collusion with him, claims the money in controversy, and deposit the money in court, praying an order that such person be required, * * * to come in and defend."

Then follow provisions for making such person a party to the suit, and for substituting him for the defendant, and for discharging defendant and relieving him— he having paid the money due on the contract into court —of all further liability to either of the parties in the contract, leaving the issue as to whose it is to be determined between the rival claimants.—Code, § 6050. While the remedy thus furnished by the statute is not exclusive, it was designed to afford means for accomplishing, in a more simple and convenient way, the objects and purposes of a bill of interpleader in equity; and the same principles which govern the applicability of such a bill govern the applicability of the statutory substitute. Where the former will not lie, the latter will not lie.—*Coleman v. Chambers,* 127 Ala. 618, 619, 29 South. 58; *Nelson v. Goree,* 34 Ala. 565, and other cases cited in citations under section 6050 of the Code.

One of the essential elements of the equitable remedy of interpleader, as laid down by our Supreme Court, and which, as seen, obtains with respect to the statutory interpleader, is that all the adverse titles or claims to the thing or debt in reference to which interpleader is prayed must be dependent upon or derived from a common source.—*Kyle v. Mary Lee Coal Co.*, 112 Ala. 606, 20 South. 851. In the cases of adverse, independent titles, the party owing the debt or holding the property must protect himself by defending at law.—*Gibson v. Goldwaite*, 7 Ala. 281, 42 Am. Dec. 592. Consequently, a tenant may sustain an interpleader against his landlord and persons who claim rent in privity of contract or tenure with his landlord, as where the conflict is between the latter and one claiming the rent as his assignee; but if a stranger, one claiming the rent independent of the landlord, brings suit therefor, interpleader cannot be maintained against him and the landlord. —11 Ency. Pl. & Pr. 451, 452, and cases cited; *Kyle v. Mary Lee Coal Co., supra; Stewart v. Sample*, 168 Ala. 270, 53 South. 182.

Applying these principles to the case at bar, it will be seen that the court did not err in declining to entertain the interpleader filed under section 6050 of the Code by the defendant in this action, which was a suit in assumpsit against him for damages for the breach of a certain written contract executed by him to one W. C. Murphy, whereby he promised to deliver to said Murphy 2,000 pounds of middling lint cotton as rent, and which contract, it is alleged in the complaint, was transferred by said Murphy to the plaintiff (appellee here), and which was breached, it is alleged, by defendant in that he failed to deliver said cotton as promised. The defendant paid the value of the cotton into court and filed affidavit, as prescribed by said section 6050 of the

[Davis v. Douglass.]

Code, suggesting that one Sarah Murphy, without collusion with him, claimed the rent. The said Sarah Murphy immediately voluntarily came in and propounded her claim in writing, setting up therein, in substance, that the note sued on was given by the defendant, Davis, as rent for the year 1913 for certain land in Pike county, Ala., belonging to her at the time of the execution of said note, and which, before the execution thereof, she had rented to said Davis, but had not taken his note for the rent, and that in order to procure his note for the rent for that year and the other years for which she had rented him the land, she sent her son, W. C. Murphy, the payee of the note here sued on, out to see said Davis, with instructions to have the latter execute his rent notes, payable to her, in conclusion of the agreement between her and said Davis; that her said son, instead of making all the rent notes which said Davis signed payable to her, as he had been instructed to do, made the one here sued on payable to himself, in violation of said instructions and without her authority or consent, and that she has never ratified or approved the same. Clearly, if this be true, she has not now, and has never had, any title or claim whatever to the note here involved, or the supposed rent for which it was given, as it does not represent the rent due her, and its payment would not therefore relieve the defendant's obligation to her for rent, for which a note was not executed. He, having obtained possession of the premises through her by acknowledging her as his landlord and by agreeing to pay her rent, cannot escape liability therefor by executing a rent note, or even by paying such note, to a third party, without her authority, ratification, or consent. He dealt with her agent at his peril, and such agent's acts, where not authorized in the first instance or subsequently ratified or approved, either expressly or

impliedly, by her, are no more binding on her than the acts of an entire stranger. The defendant, Davis, by executing the note to claimant's son without her authority or ratification, is in the attitude, therefore, of having out two obligations for the rent of the same land—one to the claimant not represented by any note, and one to her son represented by the note here sued on by his assignee. Clearly, their respective claims to the rent are independent of each other, not traceable to or derived from a common source, no privity of contract or tenure being shown to exist between them; therefore an interpleader, the office of which is not "to protect against a double liability, but against a double vexation with respect to one liability," cannot be maintained.—Ency. Pl. & Pr., supra, 451 452, 459; *Kyle v. Mary Lee Coal Co., supra; Gibson v. Goldthwaite, supra; Conley v. Ala. Gold Life Ins. Co.,* 67 Ala. 472; *Wilkinson v. Searcy,* 74 Ala. 243; *Hayes v. Johnson,* 4 Ala. 267.

The proper practice probably was for the court to get rid of the claim by sustaining a demurrer to it rather than by striking it on motion.—*Coleman v. Chambers,* 127 Ala. 620, 29 South. 58. However, a decision of the question is not material to the disposition here of the case. Of course, if the claimant, Sarah Murphy, had either authorized or ratified the act of her son in taking the note payable to himself, then it would have represented the rent due her by the defendant, Davis, and the latter, in such case, when sued by the assignee of the son, could, if the claimant continued to assert a claim to the note or the rent represented by it, maintain interpleader.—Authorities supra.

It is true, as insisted by appellee, that the statute (Code, § 6050) permits the interpleader there provided for only in cases where defendant is sued on "*a contract for the payment of money,*" but a contract for the deliv-

[Davis v. Douglass.]

ery of cotton as rent, when breached after demand and sued on for the value of the property as damages, becomes, we think, a contract for the payment of money within the contemplation of said statute.—*Ragland v. Wood,* 171 Ala. 145, 46 Am. Rep. 305; *Ingram v. Bussey,* 133 Ala. 539, 31 South. 967; *Linam v. Jones,* 134 Ala. 579, 33 South. 343; *Hamil v. Flowers,* 184 Ala. 301, 63 South. 994.

After the court declined to permit the defendant to interplead, the latter defended the suit under a plea of the general issue and a special plea setting up, in effect, that he entered and was in possession of the premises as the tenant of Sarah Murphy, and that the note for the rent thereof sued on was executed by him to her son without her authority, ratification, or consent, etc., practically the same facts as set up by Sarah Murphy in the claim she sought to propound as before adverted to. The legal effect of the plea was to set up a want of consideration for the note, which, not being a negotiable instrument—that is, one governed by the commercial law—was open to the same defenses in the hands of the assignee (the plaintiff, appellee) as in the hands of the original payee.

Ordinarily a tenant is estopped from denying the title to the premises of one whom he has acknowledged as landlord, and consequently from setting up, as against either him or his assignee, that there is no consideration for a note executed by the tenant to such landlord as rent for such premises (18 Am. & Eng. Ency. Law [2d Ed.] 419, 420) ; but this general rule, like all others, is subject to several exceptions, among which is one applicable here, and that is, if the tenant did not receive the possession of the premises from such landlord, and was induced to acknowledge him as such through fraud, misrepresentation, or mistake, the tenant is not estopped

from denying such landlord's title, and consequently not estopped from pleading a want of consideration for a note given as rent for such premises.—18 Am. & Eng. Ency. Law (2d Ed.) 416, 417, 419, 420; *Blakenship v. Blackwell,* 124 Ala. 361, 362, 27 South. 551, 82 Am. St. Rep. 175; *Davis v. Williams,* 130 Ala. 534, 30 South. 488, 54 L. R. A. 749, 80 Am. St. Rep. 55; *Farris v. Houston,* 74 Ala. 162; *Crim v. Nelms,* 78 Ala. 608.

While, as to these matters, the special plea here does not meet all the requirements of a good plea, we do not think it open to either of the criticisms aimed at it by the demurrer, which evidently misconceived the object and function of the plea. We are of opinion, therefore, that the court erred in sustaining the demurrer to the plea.

The court further erred in giving the affirmative charge and in rendering judgment for the plaintiff, since the complaint failed to state a substantial cause of action, in that it failed to allege, and the proof failed to show, a demand for the cotton, the value of which is sued for, before suit was brought.—Code, § 4143; *Linam v. Jones,* 134 Ala. 579, 33 South. 343; *Ingram v. Bussey, supra; Ragland v. Wood, supra.*

For the errors pointed out, the judgment is reversed.

Reversed and remanded.