# Cook *v.* Southern Railway Co.

*Action for Damages for Putting Passenger Off Short
of Destination.*

(Decided Dec. 19, 1907.  45 So. Rep. 156.)

1. *Carriers; Transportation of Passengers; Discharge of Passengers; Punitive Damages.*—In the absence of a showing that plaintiff was injured in person or estate, except for an expenditure of fifty cents for hack hire and it affirmatively appearing that the act compelling debarkation was not attended with any element of aggravation, but was due to an error of judgment on the part of the conductor, the plaintiff cannot recover punitive damages for being compelled to debark from defendant's train short of his destination.

2. *Same; Pleading.*—Counts in the complaint, in an action for being compelled to debark short of passenger's destination, are fatally defective which do not aver with certainty that such destination was one of the scheduled or customary stopping places of trains for the taking on and discharge of passengers.

APPEAL from Gadsden City Court.

Heard before Hon. John H. DISQUE.

Action by John Cook, a passenger, against the Southern Ry. Co. for damages for being put off short of destination. From a judgment for nominal damages plaintiff appeals. Affirmed.

BOYKIN & BRINDLEY, for appellant. Public carriers of passengers like common carriers of goods are engaged in a public calling which imposes upon them the duty to serve all without discrimination.—6 Cyc. 534; *Independent Co. v. Rinard*, 46 Ind. 203; *State v. D. & C. Co.*, 48 N. J. L. 55. There is no question under the testimony that the use of the station made it a station.—*M. & E. R. R. Co. v. Kolb, et al.*, 73 Ala. 396; *P. & A. L. I. Co. v. Young*, 58 Ala. 476; *L. & N. R. R. Co. v. Johnson*, 79 Ala. 437. Plaintiff was entitled to more than nominal damages.—*Seller's Case*, 93 Ala. 9; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 514; *Seed's Case*, 115 Ala. 670; *Phillip's Case*, 98 Ala. 168; *Jackson's Case*, 75 Ala. 97. The court erred in sustaining the demurrers to count 1 and 2.

[Cook v. Southern Railway Co.]

HOOD & MURPHREE, for appellee. Counts 1 and 2 failed to allege that the destination to which plaintiff desired to be carried was a regular stopping place, or that the train he was on was accustomed to stop there.— *Achison R. R. Co. v. Gauts*, 5 Am. St. Rep. 780. Under the evidence in this case plaintiff was not entitled to punitive damages.—*Wilkinson v. Searcy*, 76 Ala. 176; *Linkauf v. Morris*, 66 Ala. 406.

McCLELLAN, J.—The action is by a passenger against the carrier for an alleged breach of duty in refusing to transport the plaintiff from Leesburg to Tuscaloosa Crossing; his debarkation at Gadsden, short of the desired destination, being required by the conductor of the carrier. The trial was by the court without the jury; and the judgment, founded, of course, upon the conclusion that the duty existed and was breached, was for the plaintiff for $1 as damages.

It affirmatively appears from the record that no loss in estate was suffered by plaintiff, as the proximate result of the wrong complained of, except the necessitated expenditure by him of 50 cents for the services of a hack to his home near the crossing; nor was his health impaired or his physical or mental comfort disturbed by the short journey in the hack. And we may add that there was no conduct aggravative of the wrong inflicted. So the only question for consideration is: Should the recovery have been of punitive or vindictive damages, for the violation of the plaintiff's right to be reasonably and safely carried and allowed to disembark at his desired destination, short of which he was discharged? Nothing is better understood than that the awarding of exemplary damages is not a necessary result of an estab-

lished wrong. More must attend than the mere disregard of the rights of another. For such disregard the law affords compensatory damages, but not vindictive; and, in the absence of warrant for compensatory damages, the recovery is limited to nominal damages, above which the offender cannot be held to payment of the costs, unless the proper certification of the trial judge is given. The rule, with respect to the oft-recurring inquiry whether exemplary damages should be given, is fully stated in *Wilkinson v. Searcy,* 76 Ala. 176, and has been repeatedly reaffirmed by this court. It will serve no good purpose to again quote it. There being present no element of aggravation in the conduct of the conductor of the train in refusing to transport the plaintiff to the crossing or in requiring him to leave the train at Gadsden, the refusal to so transport him must have been of such character as to evince on the part of the train official a reckless indifference to the rights of the plaintiff, or else a willful violation of them, and the former with a consciousness, presumed, it may be, from the circumstances attending, that his conduct, of omission or commission as the case may be, would probably result in injury to the person, rights, or property of the injured party.

The record fails to convince us that the trial judge erroneously interpreted, in this connection, the testimony offered in the cause. The transaction, as stated by the plaintiff, may be taken in all strength, and yet the defendant's servant cannot be said to have been guilty of the measure of gross negligence or wanton disregard in respect of plaintiff's right to be carried to the destination desired as to justify the infliction of exemplary damages. On this testimony alone there was an entire want of passion on the part of the conductor or the plain-

[Cook v. Southern Railway Co.]

tiff. The application to be taken to the crossing was refused, and the fare taken to the near-by station of a city. It is true the plaintiff stated to the conductor that he was not a well man; but this element, which may, upon proper occasion, serve to render more culpable the conduct complained of, is entirely neutralized by the fact that, without injury (other than the cost of the hack) or suffering of any kind, he reached his home within 30 minutes after leaving the train at Gadsden. When, with the plaintiff's testimony, we consider the conductor's explanation of why he refused to carry to and permit the plaintiff to disembark at the crossing, the conclusion cannot be escaped that his dereliction was due, at most, to a mere unintentional error of judgment, and that his refusal, in the premises, was wholly void of a conscious, much less reckless, indifference to plaintiff's rights. Under these circumstances exemplary damages were not recoverable, and the judgment on that score is affirmed.

The only other errors assigned relate to the striking of counts 1 and 2 in response to demurrers thereto. There was no error in this. The counts do not aver with sufficient certainty that the crossing was one of the places at which that train was scheduled or was wont, within the rule as to custom, to stop for the taking on and discharge of passengers. Such was the prerequisite of the duty to carry and discharge the plaintiff there, and the failure to clearly aver that condition to liability rendered the counts bad.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DOWDELL, JJ., concur.