# Birmingham Railway, Light & Power Co. *v.* McGinty.

### *Action for Damages for Injury to Passenger.*

#### (Decided Jan. 14, 1909. 48 South. 491.)

1. *Carriers; Passengers; Injury to; Pleading; Variance; "At."*—The word at, as used in the pleadings here, means "near to;" and an allegation that the passenger was injured at C., a shed station, is supported by proof that the injury occurred about two car lengths from C.

2. *Same; Alighting Passengers; Complaint; Sufficiency.*—A count alleging that while plaintiff, a passenger, was alighting at his destination, the car started or jerked, or the speed thereof was suddenly increased, proximately causing him to fall, resulting in certain injuries; and another count alleging that he was thrown or caused to fall through and as a proximate consequence of defendant's negligence in and about carrying him as its passenger, are neither of them demurrable as vague, indefinite and uncertain, or as not showing a duty or a violation of a duty owed to the plaintiff.

3. *Same; Setting Down Passengers; Duty.*—It is the duty of a carrier to hold a car at the stopping place long enough for the passengers to alight, and not to start it while passengers are alighting; but if the car or train had been held a sufficient length of time to allow passengers to alight, and those in charge of the train or car did not know that a passenger was alighting at the time the car or train was started, this would be a defense to an action for injuries received while alighting.

4. *Same; Jury Question.*—Under the evidence in this case it was a question to be determined by the jury whether the conductor saw the passenger about to alight and might have prevented it, or prevented the starting of the car while he was in the act of alighting.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action for damages by Andrew J. McGinty against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint was in the following language: "Plaintiff claims of the defendant $5,000, as damages, for that heretofore, to wit, on the 5th day of March, 1907, de-

fendant was a common carrier of passengers by means of a car operated by electricity upon a railway from Birmingham to and by Cleveland in Jefferson county, Ala.; that on said day, while plaintiff was defendant's passenger on said car, having paid his fare to the defendant to be carried to said Cleveland, and while plaintiff was engaged in or about alighting from said car at said Cleveland, the said car started or jerked, or the speed thereof was suddenly increased, and as a proximate consequence thereof plaintiff was thrown or caused to fall (here follows a catalogue of the injuries and special damages claimed), and plaintiff alleged that he was thrown or caused to fall as aforesaid by reason, and as a proximate consequence of the negligence of defendant in and about carrying plaintiff as its passenger as aforesaid, and suffered said injuries and damages as aforesaid." The second count is in wanton or intentional negligence. Demurrers were filed as follows: "The averments of said count are vague, uncertain, and indefinite. It does not appear with sufficient certainty what duty the defendant owned to the plaintiff. It does not appear therefrom with sufficient certainty wherein or how the defendant violated any duty it owned to the plaintiff. It is not averred that the car was negligently started or jerked. The facts relied on do not show negligence, except by way of conclusion." The following charge was refused to defendant: "(3) I charge the jury that the conductor was not guilty of negligence."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The averment that the plaintiff was injured while attempting to alight at Cleveland is material and is not supported by the proof of an injury occuring in an attempt to alight before he reached Cleveland.—*N. Bir. St. Ry. Co. v. Calderwood,* 89 Ala. 247; *B. R. L. & P. Co. v.*

*Brown,* 44 South. 572. There is no evidence that the conductor or motorman knew or had any reason to known that plaintiff was in the act of alighting.—*Mobile L. & P. Co. v. Bell,* 45 South. 56 On these authorities, the court erred in refusing to give the instructions requested.

FRANK S. WHITE & SONS, for appellee. No question of variance was raised in the court below, and if defendant was mislead or surprised, the objection should have been in the trial court.—*Bir. R. L. & P. Co. v. Moore,* 148 Ala. 115; 70 L. R. A. 999; 40 L. R. A. 78. A variance as to place is not fatal if the opposite party has obtained from the averments information as to the real locality.—*Southern Railway Co v. Lollar,* 135 Ala. 375; *Western Ry. v. Sistrunk,* 85 Ala. 352; 22 Ency P. & P. 577; *Boyce v. Cali.,* 9 Am. Neg. Cases, 66. The 1st count was not subject to the demurrers interposed.—*Postal Tel. Co. v. Jones,* 133 Ala. 225; *Sweet v. Bir. E. Co.,* 136 Ala. 166; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 224; *Bir. R. L. & P. Co. v. Moore,* 148 Ala. 115; *Ensley Ry. Co. v. Chewning,* 93 Ala. 26. The court did not err in its general charge.—*Decatur, etc. Co. v. Mehaffey,* 138 Ala. 244; 132 Ala. 32; 128 Ala. 242; *Smith v. G. P. Ry. Co.,* 88 Ala. 540; *Bridges v. Ry. Co.,* 6 Q. B. L. R. 377; *Cent. Ry. Co. v. VanHorn,* 38 N. J. L. 133. Plaintiff is not guilty of contributory negligence.—*Smith v. R. R. Co.,* 88 Ala. 538; 92 Ala. 237; 134 Ill. 36; 144 Ill. 261; 71 N. Y. 489; 6 Am. Neg. Cases, 308. On these same authorities under the facts in this case plaintiff had a right to presume that the car stopped at the place for alighting.—Hutchinson on Carriers, secs. 519, 615, 616; *Matthews v. K. C. & M. R. R. Co.,* 142 Ala. 298; *Sweet v. Bir. R. & E. Co. supra.* The court properly refused the charge requested by defendant.—*Postal Tel. Co. v. Jones,*

133 Ala. 228; *L. & N. v. York,* 128 Ala. 307; *Bir. R. L. & P. Co. v. Mullin,* 138 Ala. 614.

SIMPSON, J.—This action is for damages claimed to have been sustained by the plaintiff in the act of alighting from a car of the defendant. The first count of the complaint alleges that plaintiff was a passenger on the car of the defendant, from Birmingham to Cleveland, and that while plaintiff was alighting "at said Cleveland," the car "started or jerked," etc., and plaintiff was thrown, etc. There is no proof that there is any city or town by the name of Cleveland, but it is spoken of as a "station," "a little shed on the left-hand side," and it seems to be not far from Tate station. According to the evidence, including the plaintiff's own testimony, the accident did not occur at Cleveland, but, on the contrary, a car which was in front of plaintiff's car stopped at Cleveland, and plaintiff's car was stopped about two car lengths distant from Cleveland station, and merely moved forward to reach that station when the other car moved on, and it seems that the plaintiff was in the act of stepping off when it moved. The word "at" is taken in the sense of at or near, in this complaint, and this did not constitute a variance. Under the decisions of this court the first count of the complaint is not subject to the demurrer interposed; the allegation of the duty and the general allegation of negligence being sufficient.

If, as alleged, the plaintiff was a passenger to Cleveland, and the car had reached that place and stopped, it was the duty of the defendant to wait a sufficient time to allow passengers to alight, and not to start the car while a passenger was in the act of alighting. Under the allegations of this count, if the car had stopped a sufficient length of time to allow the passenger to alight, and those in charge of the car had no knowledge of the

[North Alabama Traction Co. v. Daniel.]

fact that he was alighting, these are matters of defense which might have been set up.—*Postal Tel. Cable Co. v. Jones,* 133 Ala. 217, 225, 226, 32 South. 500; *Armstrong's Adm'r v. Montgomery St. Ry.,* 123 Ala. 233, 244, 26 South. 346; *Sweet v. Birmingham, etc., Co.,* 136 Ala. 166, 169, 33 South. 886; 2 Hutchinson on Carriers (3d Ed.) § 1118, p. 1308; *Birmingham, etc., Co. v. Moore,* 148 Ala. 115, 42 South. 1024.

That part of the oral charge excepted to, although it did not clearly express the idea intended to be conveyed, was cured by other parts of the oral charge.

There was no error in the refusal of the court to give charge numbered 3, requested by the defendant. The evidence shows that the conductor was present, near the plaintiff, when he lighted, and it was for the jury to say whether he saw that the plaintiff was about to alight, and might have prevented it, or prevented the starting of the car while he was alighting.

The judgment of the court is affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.