# Birmingham Railway, Light & Power Company *v.* Arnold.

## *Damage for Injury to Passenger.*

(Decided January 21, 1913.  60 South. 988.)

1. *Carriers; Passengers; Action; Complaint.*—Where the action was against a street railway company for damages for carrying a passenger beyond destination, a complaint averring that plaintiff was a passenger on one of defendant's street cars, known as the Boyles line, to Canal station, and paid the fare charged to that station, and that defendant contracted to carry her there, is sufficient, as the relation of passenger and carrier obligated the carrier to stop at the station named, and allow plaintiff a reasonable time to alight; for, while it is necessary for plaintiff to show that Canal station was a regular stopping place for the car on which she was a passenger, and would stop upon request of a passenger, and that

[Birmingham Railway, Light & Power Company v. Arnold.]

she made such request, in addition to showing payment of fare mentioned, those facts and matters were matters of evidence not necessary to be averred.

2. *Same; Street Railway.*—Where the relation of carrier and passenger exists between a street railway company and one who takes passage on its cars, an implied duty is raised, resulting from custom, to stop the vehicle at any regular stopping place, and allow the passenger to alight upon the signal of the passenger that he desires to do so.

3. *Same; Damages.*—Where the complaint counted on one single contract, although it appeared that plaintiff was carried beyond her destination going out, and that on the return trip of the car the conductor failed to stop at her stopping place, damages may be had for being carried by her station on the return trip.

4. *Same; Punitive Damages.*—Under the evidence in this case, it was a question for the jury whether the conductor was guilty of such gross negligence in failing to stop, that punitive damages might be awarded.

5. *Same; Evidence.*—Where damages were sought on the ground that plaintiff was not met by her mother with a lantern as soon as she might otherwise have been, because of the failure to stop at the station, evidence that the conductor knew that plaintiff's mother habitually met her with the lantern, was competent.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SPEAKE.

Action by Virgie Arnold against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the charges refused to defendant:

"(1) You cannot award the plaintiff any damages for being carried by Canal street on the way back from Boyles, if you believe the evidence in this case.

"(2) If you believe the evidence in this case, you cannot award the plaintiff any damages for the purpose of punishing the defendant.

"(3) If you believe the evidence, you cannot find for the plaintiff under the second count."

The second assignment of error is as follows: "Permitting plaintiff to answer the following question on her direct examination, over defendant's objection, 'I will ask you, when you rode out on that car with the

[Birmingham Railway, Light & Power Company v. Arnold.]

same conductor, whether or not your mother made a habit of meeting you down there with a lantern?' "

TILLMAN, BRADLEY & MORROW, and FRANK M. DOM- INICK, for appellant. Demurrers should have been sus- tained to the complaint.—*Cook v. So. Ry. Co.*, 153 Ala. 121. The fact that the conductor knew that the mother habitually met the plaintiff with a lantern, was irrele- vant and immaterial.—*Blackwell v. Hamilton*, 47 Ala. 470; *L. & N. v. Berry*, 9 Ky. L. R. 683. Plaintiff was not entitled to damages for being carried beyond her station on the return trip.—*Western Ry. v. Mutch*, 97 Ala. 562; *Armstrong v. Montgomery St. Ry.*, 123 Ala. 233; *A. G. S. v. Cotton M. Co.*, 146 Ala. 398. Punitive damages were not recoverable.—*L. & N. v. Johnson*, 79 Ala. 436; *L. & N. v. Markee; Lee v. DeBardelaben C. & I. Co.*, 102 Ala. 630; *Cook v. Southern, supra; Wilker- son v. Searcy*, 76 Ala. 180. As to the measure of dam- ages in a case of this character, see.—*L. & N. v. Quick*, 125 Ala. 553.

HARSH, BEDDOW & FITTS, for appellee. The complaint was in all things sufficient.—*B. R., L. & P. Co. v. Har- ris*, 135 Ala. 482; *Same v. Adams*, 146 Ala. 267; *So. Ry. v. Burgess*, 143 Ala. 364. Counsel discuss the objec- tions to evidence, but without citations of authority. Under the evidence the question of punitive damages was for the jury.—*S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266; *Cook v. So. Ry.*, 153 Ala. 120; *A. G. S. v. Hill*, 90 Ala. 71; *R. & D. v. Vance*, 93 Ala. 148.

THOMAS, J.—This was an action by the passenger against the carrier, a street railway company, for an alleged breach of duty in carrying the passenger beyond her destination. There are but two counts in the com-

plaint, and the only difference between them is that one is predicated upon a breach of duty in negligently carrying the passenger beyond her destination, while the other is for wantonly or intentionally doing so.

A demurrer was interposed to each count, raising, in varying phraseology, the point that the complaint fails to show that the defendant was under duty to the plaintiff to stop the car at the station alleged. We are of opinion that the lower court properly overruled this demurrer, for the complaint alleges, in substance, in this particular that: "Plaintiff became and was the defendant's passenger on one of its street cars on the line of its street railway, known as the Boyles line, to a station on said line, to-wit, Canal Station, and paid defendant the fare charged, five cents, for carrying plaintiff on said car to said station." These were allegations of facts and not of conclusions, clearly showing the relationship of carrier and passenger between plaintiff and defendant, and that plaintiff was such passenger to Canal Station, and that defendant contracted to carry her there on the car on which she was such passenger. From these facts, there arose in law the duty on defendant, not alone to transport the plaintiff safely while she was such passenger, but to carry her to and stop at the station named, and stop, too, sufficiently long to allow plaintiff reasonable opportunity to alight from the car with safety.

It was certainly not incumbent upon plaintiff to show in the complaint the mere matters of evidence upon which she expected to rely in establishing the facts alleged. To sustain the allegations of the complaint we have recited, it would be necessary for plaintiff to prove, of course, in addition to the payment of the fare mentioned, that Canal Station was a regular station or stopping place for the car she was on, or that it was a flag

station—that is, one at which the car she was on would stop upon request of a passenger who desired to alight there—and that she made such request of the conductor at the proper time, either verbally or in the customary way, by ringing the push bell, or by other appropriate and unmistakable sign or signal.

There is but one difference between the contract of a railroad company to carry a passenger to a particular station on its line and that of a street car company to do so, and that difference is that the former is always an express contract, while the latter is usually an implied one. The railroad company bases its charges for carrying on mileage, hence must know in advance the passenger's destination, so as to collect the proper fare. This done, the person is a passenger by express agreement to the station to which he has paid mileage. On the other hand, the street car company usually charges a flat fare, which the passenger pays, often without ever informing the conductor of the destination which he has in mind; yet he is nevertheless a passenger to such destination, by implied agreement, resulting from custom, provided that destination is a station at which the car he is on makes regular stops, or will stop upon request, and he makes seasonable request. These are matters of evidence, however, and not of averment.

The case of *Cook v. Southern Ry. Co.*, 153 Ala. 121, 45 South. 156, cited by appellant, does not conflict with our views of the sufficiency of the complaint here. If that complaint had alleged what this one practically does—that plaintiff paid the fare charged by defendant for carrying plaintiff "on said car [the one on which she was a passenger] to said station"—we doubt not our Supreme Court would have held this sufficient to show a duty to stop that car at that station.

[Birmingham Railway, Light & Power Company v. Arnold.]

The evidence for plaintiff tended to show that the plaintiff, a lady, en route to her home, boarded the defendant's car in Birmingham at a late hour in the afternoon for transportation to Canal Street Station, where she was accustomed to get on and off night and morning in going to and returning from her work in Birmingham; that the car did not usually get to said station until after dark, and her mother was accustomed to meet her there on her return trip at night, with a lantern, and accompany her to her home, which was some distance from the station; that plaintiff paid her fare, and, just before the car got to Canal Station, she gave the usual signal to stop there by pressing the push bell, which she heard ring; also that the station was a regular station or stopping place for the car on which she was riding; that the car did not stop, but went on to the end of the line, at Boyles, some several blocks away; that when at the end of the line, all the remaining passengers having alighted, the conductor came through the car and said to plaintiff, "You wanted to get off at Canal street, didn't you?" and she told him that she certainly did, and was tired of being carried by, whereupon he "giggled and laughed and walked off"; that she remained on the car, the conductor exacting no further fare, expecting to be put off at Canal Station, some two blocks away, on the return trip; that the car, however, again did not stop at said station, whereupon she proceeded at once to ring the bell until it did stop; that, when it did stop, it was near the next station, and she got off there alone, in the dark, where the closest houses were those in which negroes lived, and she ran back down the track as fast as she could towards Canal street, until she finally found and reached her mother with the lantern. This was not all of the evidence for the plaintiff, and some of it, in material respects, was

contradicted by defendant's witnesses. Sufficient is given to fairly illustrate, however, that all the charges requested by defendant, the refusal to give which is assigned as error, were properly refused.

Charge 1 seeks to prevent the recovery of any damages for being carried by Canal Street Station on the return trip, endeavoring thereby to limit the damages, if any are recovered, to those sustained as a result of being carried by said station when the car was going out. The undisputed evidence shows that the passage was a continuous one, and under the same contract with the carrier, from the time she was first carried by Canal Station on the outgoing trip to the time she was carried by said station on the return trip, and until she was finally landed beyond said station. The complaint is predicated upon a breach of duty, arising under this single contract, to put plaintiff off at Canal Station; and, so long as she was retained as a passenger under the contract, the duty continued to put her off there, and defendant is liable for such damages as the passenger sustained as a proximate result of the breach of such duty, from the time when it should have put her off under that contract to the time it did put her off under that contract, as well as for such damages as she sustained as the proximate result of being finally landed beyond her destination in complete breach of that same contract. The charge, we think, was, therefore, properly refused.

Charge 2 presents practically the same question as charge 3, and the two may be considered together; each attempting, in a different way, to avoid the recovery of punitive damages. If the evidence introduced by the plaintiff is to be believed—and this was a question for the jury, which the charges mentioned would have withdrawn from them—there were facts and circumstances

from which the jury could reasonably infer gross negligence on the part of the conductor in charge of the car, such as would raise a presumption that he was conscious of the probable consequences to plaintiff of his carelessness, and was indifferent to the injury that she would sustain therefrom.—*Wilkinson v. Searcy*, 76 Ala. 176; *Cook v. Southern Ry. Co.*, 153 Ala. 121, 45 South. 156. If the evidence for plaintiff is to be believed, Canal Station was a regular station or stopping place for the car, and yet the car passed it twice while plaintiff was a passenger, without stopping; if, on the other hand, the jury did not believe it was a regular stopping place, still it is without dispute, that it would stop there upon the passenger's pressing the button of the push bell, which the evidence for plaintiff shows she did, and that the bell rang for the station on the outgoing trip; that the conductor heard it and was indifferent to it may be inferred from the fact, if the jury believed it, that after the car had passed the station and was at the end of the line, some several blocks away, he came through the car and, upon seeing plaintiff, who was the only remaining passenger, remarked to her, "You wanted to get off at Canal Station, didn't you?" and upon her indignant reply in the affirmative he "laughed and giggled and walked off." There was evidence tending to show, also, that the conductor knew that Canal Station was the place at which plaintiff was in the daily habit of getting on in the morning and off the car at night when returning. In the face of all these facts, if plaintiff's evidence is believed, he starts immediately on the return trip, and does not stop the car at Canal Station, just two blocks away, for her to alight, but keeps going until the car is finally stopped a considerable distance beyond the station, and that only after plaintiff has again rung the bell. We think this evidence, coupled

with other evidence in the case, all taken together, if believed by the jury, is such as from which they would have been justified in inferring that the conductor knew of plaintiff's desire to alight at Canal street, and wantonly or intentionally failed to have the car stopped.

The following charge: "If you believe from the evidence that plaintiff was carried by Canal street, you cannot award the plaintiff any damage on account of the fact, if it be a fact, that she was not met by her mother as soon as she would have been if she had gotten off at Canal street"—was probably a proper charge under the authority of *L. & N. R. R. Co. v. Quick,* 125 Ala. 560, 28 South. 14, provided there was no evidence at all of the fact or any from which it could be inferred that the conductor knew of the habit of plaintiff's mother of meeting her and of her meeting her that night. The court, after carefully going through the entire record in consultation, are of opinion that there is sufficient evidence in the record to have prevented the lower court from withdrawing this question of the conductor's knowledge from the jury, and that the charge, in the shape requested, was properly refused.

The objection by defendant to the question propounded to the plaintiff, assigned as the second ground of error, was properly overruled. It sought to elicit evidence tending to establish the conductor's knowledge of the fact that plaintiff's mother met her.

We have discussed all the assignments of error, and the case is affirmed.

Affirmed.