# Birmingham E. & B. R. R. Co. v. Wilson.

### Injury to Passenger.

(Decided June 8, 1915.  69 South. 312.)

1. **Carriers; Passengers; Complaint; Sufficiency.**—A complaint which alleges that the passenger instructed the conductor to notify her and put her off when the car reached the regular stopping place "at or near" a designated street, and that he agreed to do so, but in disregard of his duty, negligently failed to notify her, or to put her off at that point, but carried her beyond her destination several blocks, states a cause of action as against the objection that the words "at or near" render the complaint uncertain.

2. **Same; Carrying Beyond Destination; Evidence.**—The evidence examined and held to authorize a finding that defendant railroad company carried the passenger beyond her destination, notwithstanding her notification to the conductor to let her off when the car reached a certain stopping point.

3. **Same; Instruction.**—Where the action was against a street railway company for damages for carrying a passenger beyond her destination, such

[Birmingham E. & B. R. R. Co. v. Wilson.]

passenger being old, feeble anad nearly blind, and on being put off at the point beyond her destination, was injured by falling on the curbing in attempting to reach her destination, a charge directing a verdict for defendant if the jury found that it caused plaintiff to alight on a level street at a place free from danger, and if the passenger received her injuries as a proximate consequence of her failure to procure assistance, ignored the right to recover at least nominal damages for being carried beyond her destination, and for mental distress proximately resulting therefrom.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mrs. S. E. Wilson against the Birmingham, Ensley & Bessemer Railroad Company, for damages for injury while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant. BOWMAN & VAUGHN, and CHARLES A. WEIL, for appellee.

THOMAS, J.—The action was by appellee against appellant, as a common carrier of passengers by street railway, for alleged negligence in carrying her, who was at the time a passenger, beyond her destination, whereby she suffered, as the alleged proximate result thereof, the injuries and damages complained of.

(1) Only one count of the complaint, count 2, went to the jury. It was predicated upon simple negligence, and appellant complaints of the action of the court in overruling its demurrer thereto, which raised the point and asserts, in substance, that the count is so vague and indefinite in its averments as to the instructions alleged to have been given by plaintiff to defendant's conductor, in charge of the car, with respect to the station at which plaintiff desired to alight and of which she wished to be informed when reached, as not to be sufficient to show that the conductor was thereby fairly and definitely apprised of plaintiff's destination, and as not to be sufficient to afford a basis for the court to say, as a matter of law, that the conductor breached said instructions and violated his duty to plaintiff in carrying her beyond the point at which she wished to disembark. As to the matter of these instructions and of plaintiff's destination, the count alleges, in substance and effect, that plaintiff instructed defendant's conductor, who was in charge and control of said car, to notify her and put her off when the car reached the regular station or stopping place for taking on and putting off pas-

sengers "at or near Eighth-Fifth street and Hillman avenue," which it is alleged he agreed to do, but that, in disregard of his duty to plaintiff, he negligently failed to notify her or to put her off at said point, which was her destination, but instead carried her and put her off several blocks beyond.

It is insisted that the use of the word "at or near" in the count rendered the alleged instruction indefinite, and renders the count itself demurrable, in that under such vague instructions the conductor, it is contended, was at liberty, and that it was within his discretion, to put the plaintiff off either "at" "Eighth-Fifth street and Hillman avenue" or "near" that point, either several blocks this side or several blocks beyond, and yet comply with her instructions; hence that the allegation in the count that the conductor carried her and put her off several blocks beyond that point showed no violation of the instructions and no breach of duty towards plaintiff. We cannot so agree, because , although it is true, as insisted, that the terms "at or near" are ordinarily very vague and indefinite as a description of the location of a point or place, "near" meaning either "close to or at no great distance from, either this side of or beyond the named object," the distance from it being great or small, relatively, depending, as to this matter, on the connection in which the word "near" is used (see definitions of "at" and "near" in 1 Am. & Eng. Ency. Law [2d Ed.] 167, and 21 Am. & Eng. Ency. Law [2nd Ed.] 445; 1 Words and Phrases, 593; 5 Words and Phrases, 4688; *Birmingham Ry., L. & P. Co. v. McGinty,* 158 Ala. 410, 48 South. 491; *Harris v. Theus,* 149 Ala. 139, 43 South. 131, 10 L. R. A. [N. S.] 204, 123 Am. St. Rep. 17; *O'Conner v. Nadel,* 117 Ala. 595, 23 South. 532; *Ray v. State,* 50 Ala. 171) ; yet, it is our opinion that those words, "at or near," are sufficiently definite when employed, as in the complaint here, not for the purpose of locating a point or place, but for the purpose of distinguishing between similar or like places already located and whose location, respectively, is already known. For instance, it is a matter of common knowledge that on street car lines there are numerous regular stations or stopping places for the taking on and letting off of passengers, and that the location of each of such stations or stopping places is known, or should be known, to the conductor operating the cars over that line, that these stations or stopping places are usually located "at or near" street crossings, and that these crossings are generally designated by

giving the names of the two streets crossing each other; conse-quently we know that, when a conductor on such a line is in-formed by a passenger that she desires to be notified and put off the car at the regular station or stopping place for such car on that line, that is "at or near" a named street crossing—"at or near Eighty-Fifth street and Hillman avenue," as is here alleged —he is, by such description of the station, definitely apprised as to the particular station at which such passenger wishes to alight, since such station is, by such description, singled out and distinguished from all other stations on that line, stations "at or near" other street crossings, and that therefore a conductor violates such instruction if he fails to notify the passenger when such station is reached, but carries her and puts her off several blocks beyond at a station that is "at or near" another and dif-ferent street crossing, at the station, as disclosed by the evidence here, that is "at or near Eighty-Fifth street and First avenue," instead of, as he was instructed, putting her off at the station that is "at or near Eighty-Fifth street and Hillman avenue."

It was incumbent, of course, upon plaintiff, in making out her case under the complaint, to prove the allegation that there was a regular station or stopping place "at or near Eighty-Fifth street and Hillman avenue."—*B. R. L. & P. Co. v. Ellmit*, 6 Ala. App. 653, 60 South. 981; *B. R. L. & P. Co. v. McDaniel*, 6 Ala. App. 322, 59 South. 334; *Cook v. Southern Ry. Co.*, 153 Ala. 118, 45 South. 156.

(2) And the affirmative charge was requested by defendant on the theory that there was no evidence, either positive or cir-cumstantial, from which the jury would be authorized to find such to be the fact. While the evidence is not very clear or sat-isfactory on this point, yet there was enough to forbid the court's giving the affirmative charge and to require a submission to the jury of the question as to whether or not there was a regular stopping place for the car "at or near Eighth-Fifth street and Hillman avenue." One of defendant's conductor's, Borden, testi-fied: "I know where Eighty-Fifth street and Hillman avenue is. The car [meaning the Tidewater car on which plaintiff was] goes down Eighty-Fifth street to the left. It crosses Hillman and then Sloss before it gets to First avenue."

Mrs. Harmon, plaintiff's daughter, and with whom plaintiff lived, testified: "We live at 8480 Hillman avenue. I guess our house is about 150 or 200 feet from the regular stopping place

of the Tidewater car.  We are just diagonally across the street from where it stops."

The plaintiff testified: "I was on the Tidewater car.  *  *  * I got on at the Terminal Station, paid my fare, and told the conductor I wanted to get off at Hillman avenue and Eighty-Fifth street.  *  *  *  My home is not far from the car line.  You get off the car [which the conductor, as before seen, testified went down Eighty-Fifth street and crossed Hillman avenue]· at Hillman avenue;  *  *  *  [it is] about 50 feet from the place where I get off the car to my home [which her daughter, as before seen, testified was at 8480 Hillman avenue]."

The contention that the testimony, before mentioned, of plaintiff's daughter with respect to the regular stopping place of the car, must be construed as having reference to conditions as existing at the time the witness was testifying, and not as to conditions existing at the time of the accident, is, in the light of the circumstances under which she was testifying and of the evident purposes for which she was called to testify and of the nature of her testimony, which was dealing generally with her knowledge of matters and things at the time of the accident, and not at the time she was testifying, we think, strained, unnatural, and without merit.

(3) The complaint alleges that the plaintiff, at the time she gave the conductor the instructions as to where to put her off, informed him that she was very old, feeble, and nearly blind, and that the named disembarking point was near where she lived.  It appears from her evidence that she was 85 years old, and that her eyesight was poor, and that she was put on the car by the waitress at the Terminal Station upon her arrival there on the night train from Selma, where she had been to get an afflicted and half-witted child, a relative of hers, which she was bringing home to live with her in Birmingham, where she had recently moved, and whom she had in her charge at the time she was put on the car, and that after being put on the car she informed the conductor of her condition and requested to be put off at Eighty-Fifth street and Hillman avenue, which the conductor promised to do; that if she had been put off at that place, she would have been familiar with her surroundings, and would have known the way to her home, which was near by on Hillman avenue, but that he put her off at a place wholly unfamiliar to her, and where she did not know where she was, nor which way

to go in order to reach home, though she found out afterwards that the place where she was put off was several blocks beyond her destination and at Eighty-Fifth street and First avenue; that at the time she was put off it was dark, and that in her efforts to reach, for the purpose of inquiring there her way home, a house, · where she saw a light burning, she fell on the curbing; and that, after receiving directions from persons at that house, she, in following those directions, in going home, lost her way, fell again on the curbing, and further on finally fell in a hole or ditch at a place on the street or sidewalk, which turned out to be near her home, but that she did not know where she was even then, until her hollowing after last falling awakened her daughter, who, coming to the scene, assisted her home.

The defendant assigns as error the action of the court in refusing two special charges, separately and severally requested, and respectively set out as follows:    "First. I charge you that if you are reasonably satisfied from the evidence that defendant caused plaintiff to alight on a level street, at a place free from danger, and if you are further reasonably satisfied from the evidence that plaintiff received her injuries as a proximate consequence of falling into a ditch or hole several blocks from the place where plaintiff alighted from the car, you cannot find that plaintiff's injuries were proximately caused by any negligence of defendant.

"Second. I charge you that if you are reasonably satisfied from the evidence that after she alighted from defendant's car, plaintiff realized that she had not alighted at her proper destination, and if you are further reasonably satisfied from the evidence that before the time she received her injuries, plaintiff was in reach of, and knew of the presence of, persons who could have assisted plaintiff to her home, and if you are further reasonably satisfied from the evidence that assistance in reaching her home was available to plaintiff and known to her, and that nevertheless plaintiff failed to request assistance in reaching her home, you would not be authorized to find that plaintiff's injuries were proximately caused by negligence of the defendant."

Assuming, without deciding, which is unnecessary, that each of such charges asserts a correct proposition of law, the court cannot be put in error for refusing either of them, because, to say the least, each as worded in its concluding paragraph was well calculated to mislead the jury, the first into believing that

[Birmingham E. & B. R. R. Co. v. Wilson.]

if plaintiff received her physical injuries from falling in the mentioned ditch or hole, and the second into believing that if plaintiff, before she sustained any physical injury after being put off the car, could have secured assistance in reaching her home, and thereby have avoided falling in the ditch or hole, she was not, in either case, entitled to recover for any injury at all resulting from defendant's wrongful act, not even nominal damages, nor damages for the mental pain and distress which were claimed in the complaint, and which, under the evidence, the jury might well have inferred she suffered as the proximate result of being carried beyond her destination and put off in her feeble condition in the night time at a place strange to her, and for which she would have been entitled to judgment, notwithstanding she might not have been entitled, for reasons as hypothesized in the charges, respectively, to judgment for the physical injuries sustained as the result of falling in the ditch. The charges would very likely have led the untrained lay mind to conclude as to their meaning that, although the jury might believe defendant was negligent in carrying plaintiff past her destination, she would not be entitled to recover at all for the wrongful act, either in the event the jury believed, as hypothesized in the first of the mentioned charges, that the physical injuries received by plaintiff resulted from her falling in the mentioned ditch or hole, or in the event the jury believed, as hypothesized in the second of said charges, that plaintiff could have avoided falling into such ditch or hole by calling some available person to her assistance in reaching home. We are unwilling to say, therefore, that the court erred in refusing these charges, even if they assert correct propositions of law, which we need not and do not decide.

We have discussed the only errors urged. As we find none, the judgment is affirmed.

Affirmed.